OF THE

# Supreme Court of Florida,

A T

# MARCH TERM, 1856,

## HELD AT MARIANNA.

---

JAMES M. BROWN APPELLANT, VS. AMOS SNELL, APPELLEE.

1. Until the condition of a mortgage be broken and the same be actually fore-closed, the mortgagor and all claiming under him may maintain an ejectment to recover the possession of the mortgaged premises.
2. Where the land of one individual is sold by the Tax-Collector to pay the taxes due upon that particular tract, together with the taxes due upon other lands belonging to another individual, the sale is invalid, and the deed from the Tax-Collector conveys no title.

Appeal from the Circuit Court of the Western Circuit for Jackson County.

DU PONT, J., delivered the opinion of the Court.

At the trial of this case in the Circuit Court, a jury was waived by consent of the parties, and the Court was called upon under the provisions of the statute, to give judgment upon the facts, as detailed in the record. A judgment was rendered for the plaintiff, the present respondent, and from

28

that judgment the defendant appealed, and assigns for error that the judgment should have been for the defendant. This state of the case renders it necessary that we, also, should look into the facts, in order to determine the correctness of the ruling upon the points of law arising thereupon.

The action was an ejectment brought to recover the possession of two quarter sections of land situated in the county of Jackson. The evidence material to the issue is, that this land originally belonged to Amelia B. Blackwell and was by her *mortgaged* to the Union of Florida, prior to the year 1839. That on the 13th of December, 1838, Amelia B. Blackwell, by deed duly executed, conveyed the lands to Sidney S. Blackwell of the State of New York, which deed was duly recorded on the 4th of January, 1839. That Sidney S. Blackwell, on the 25th of September, 1854, conveyed the same to the lessor of the plaintiff.

The evidence further shows that Amelia B. Blackwell died insolvent, and that administration on her estate was committed to S. Stephens, who repeatedly returned the land in controversy, together with other lands in Jackson County, to the Tax Assessor, as the property of the estate of his intestate ; that upon the non-payment, by said administrator, of the taxes so assessed, the lands in controversy were advertised and sold as the property of Amelia B. Blackwell, by the Tax Collector, on the 3d day of January, 1851, at which sale the defendant purchased and went into possession.

Upon this state of facts the plaintiff below rested his right to recover, under his deed from Sidney S. Blackwell, and the defendant, his defence, under the deed from the Tax Collector.

The first position assumed by the appellant is, that to warrant a recovery in ejectment, the plaintiff must show a

valid *legal title* to the premises, and that as the fee in the land is in the Union Bank of Florida, the mortgagee from Amelia B. Blackwell, the deed exhibited at the trial by the plaintiff conveyed only an *equitable* interest, to-wit: the right of redemption.

It is undoubtedly correct, as a general rule, that in order to enable a claimant to support an action of ejectment, he must be clothed with the legal title to the land; but it will be found that this doctrine does not apply where the outstanding title is a mortgage.

The tendency of judicial decisions has long been to consider the mortgage as a mere lien or security, and that the mortgagor remains in fact the real owner of the estate and seized of it against all persons but the mortgagee or his representatives, and that it may be conveyed and otherwise dealt with as the estate of the mortgagor. Such is now the well settled modern doctrine, and it is sanctioned by numerous English and American cases. In the case of the King vs. St. Michael's, 1 Doug. R., 632, Lord Mansfield remarks, " The mortgagee, notwithstanding the form, has but a chattel, and the mortgage is only a security. It is an affront to common sense to say the mortgagor is not the real owner."

In Casborne vs. Scarfe, 1 Atkins, 606, Lord Hardwicke says : " The interest of the land must be somewhere and cannot be in abeyance ; but it is not in the mortgagee, and therefore must remain in the mortgagors."

The same doctrine is sustained by Kent, C. J., in the case of Jackson vs. Willard, 4 John. R., 42, who remarks as follows : " Mortgages have been principally the subject of equity jurisdiction. They have been considered in those courts in their true nature and genuine meaning, and the rules by which they are governed are settled upon clear and consistent principles. The case is far different in a

court of law; and we are constantly embarrassed between the force of technical Fformalities, and the real sense of the contract. The language, however, of modern cases, is tending to the same conclusions which have been adopted in equity; and whenever the nature of the case would possibly admit of it, the courts of law have inclined to look upon a mortgage, *not as an estate in fee*, but as a *mere security for the debt.*"

Shaw, C. J., in commenting upon this subject in the case of Ewer vs. Hobbs, 5 Met., 3, remarks: "Herein it is that as between mortgagor and mortgagee, the mortgage is to be regarded as a conveyance in fee, because that construction best secures him in in his remedy, and his ultimate right to the estate and its incidents, the rents and profits. But in all other respects, until foreclosure, when the mortgagee becomes absolute owner, the mortgage is deemed to be a lien or charge, subject to which the estate may be conveyed, attached, and in other respects dealt with as the estate of the mortgagor. And all the statutes upon the subject are to be so construed; and all rules of law, whether administered in law or in equity, are to be so applied as to carry these objects into effect."

Mr. Hilliard, in his admirable Treatise on Mortgages, has laid down the doctrine in clear and precise language, which bears directly upon the very question involved in the objection of the appellant. He remarks as follows: "The rule that a plaintiff in ejectment cannot recover premises, the title to which is in a third person, does not apply when the outstanding title is a mortgage. A mortgage constitutes a title when the mortgagee comes into court to enforce it; but, until then, the mortgagor is the owner. Upon the same principle, the mortgagor may maintain ejectment against one who claims by a conveyance in fee simple absolute from the mortgagee. So, a mortgagor or

purchaser of the equity of redemption may maintain trespass against the mortgagee, or one acting under his license, where the defendant pleads *liberum tenementum*, and the plaintiff replies that the freehold was in himself; and, upon this ground, a mortgagor in possession gains a settlement." Hilliard on Mortgages, 109.

These authorities fully sustain the doctrine, that until the condition of a mortgage be broken, and the same be actually foreclosed, the mortgagor and all claiming under him may maintain an ejectment to recover the possession of the mortgaged premises; and, consequently, we hold that this case is not obnoxious to the first objection insisted on by the counsel for the appellant. ～

The next position assumed by the appellant is, that the statute gives a lien upon the particular piece of property for taxes due thereon; that the assessment of the tax creates a lien upon the thing itself, and not simply a debt against the owner of the property, and that, therefore, a purchase under a tax sale overrides any prior title to the property. This proposition it is unnecessary to decide, because it does not apply to the case before us, for the reason that it is shown by the evidence that the land in controversy was sold by the tax-collector, not to pay the taxes on this particular tract of land only, but for taxes due upon this and other lands which had been listed by the administrator of Amelia B. Blackwell as belonging to the estate of his intestate.

Now, the evidence in this case shows that the land in controversy had been sold by the intestate to Sidney S. Blackwell, who sold to the lessor of the plaintiff long prior to the tax sale, and to allow his land to be sold to pay the taxes due upon lands belonging to the estate of Amelia B. Blackwell would be to subject the property of one man to the payment of a debt due exclusively by another—a re-

sult which cannot be sustained upon any principle of law or equity. A purchaser at a tax sale purchases at his peril, and he must see to it that the sale is valid.

As these views are decisive of the rights of the parties, it becomes unnecessary that we should consider or determine the point made by the counsel for the respondent, which involves the question how far a deed of conveyance from the tax-collector shall be valid to convey an interest in the land where the premises are listed and sold as the property of one man, when in fact and in truth they were owned by another. It will be time enough to decide that question when a case shall arise in which its decision may become necessary.

Upon a review of the whole record, we are of the opinion that the court did not err in giving judgment for the plaintiff. Therefore let the judgment of the Circuit Court be affirmed with costs.