Leavell v. Poore.

CASE 6ᵀ—PETITION EQUITY—MARCH 10.

## Leavell v. Poore.

APPEAL FROM WASHINGTON CIRCUIT COURT.

1. To CONSTITUTE A LIS PENDENS the property sought to be affected by it must be such that the title will be immediately affected by the judgment, the court must have jurisdiction both of the person and the property, and the property must be sufficiently described in the proceedings. If any one of these three essentials is wanting, there is no valid *lis pendens*.

2. AN ACTION TO ENFORCE A VENDOR'S LIEN ON LAND IS NOT A LIS PENDENS AS TO THE RENTS, as the vendor can acquire no right to subject the rents except by contract, by attachment, or by having a receiver appointed to take charge of the rents. And as the vendee in this

Vol. 91—21.

Leavell v. Poore.

action by the vendor to enforce his lien was claiming a rescission, orders and agreements as to rents made with reference to the rights of the parties in the event there should be a rescission of the contract were annulled by the reversal by this court of a judgment rescinding the contract. Therefore, there was no *lis pendens* as to the rents, and one to whom the vendee, in good faith, assigned a bond executed for rent pending this action is entitled to priority over plaintiff, who claims the right to subject the rent because the land is not sufficient to satisfy his debt.

3. FINAL ORDER.—An order refusing, upon plaintiff's application, to appoint a receiver to take possession of the land and collect the rents was final, and, not being appealed from, is conclusive upon plaintiff.

J. W. S. CLEMENTS FOR APPELLANT.

1. The lien-holder can reach the rents only in the way pointed out by the Code in the absence of express provision pledging them. (14 Bush, 788; 78 Ky., 496.)

2. *Lis pendens* applies only where the third party has purchased something *which is the subject of litigation.* (10 Bush, 433.)

Here the matter of rent was never set up in any pleading until after the reversal, and nearly a whole year after the making of the rent contract and its assignment to appellant.

JOHN W. LEWIS FOR APPELLEE.

Brief not in record.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellee, as the assignee of Merritt, instituted an equitable action against T. and L. A. Leavell to enforce a vendor's lien on a tract of land sold them by Merritt. They resisted payment, and asked for a rescission of the contract on account of imperfect title, and for an accounting, &c. During the pendency of this litigation, the appellee asked for the appointment of a receiver to take possession of the land and collect the rents ; but the court refused to appoint a receiver, and the appellee did not appeal from the court's decision, which, being final and unreversed, must be deemed conclusive upon the appel-

lee.  But the appellee and the Leavells made an agreement as to the rent of said land for the year 1881, in which it was agreed the Leavells might sow a certain amount of the land in wheat and rye, and gather the crops the ensuing season ; but it was stipulated "that the agreement was not to affect any question in the case, or the liabilities of the defendants to pay rent for the time they used the land, or their liability on any issue in the case."

In March, 1881, the court rescinded the contract on equitable terms, and referred the case to the master to report as to the amount of purchase money paid, and rents and improvements.  In this judgment there is this recital : "And the defendants, being in court, agree to cultivate in husbandlike manner the said land, and to account for reasonable rent for said land for the year 1881, subject to the future orders of the court."

In March, 1882, the master reported, which was confirmed, and a final judgment rendered accordingly, allowing the defendants three thousand and fourteen dollars and nine cents, with interest, subject to a credit of four hundred dollars for the rent of the land up to September, 1882, the time at which the possession was to be given, as directed in the judgment.

The judgment in all its parts was excepted to, and appealed to this court, which this court reversed, deciding that the vendor's title was good, and the land was subject to the lien for the purchase money, and the defendants were not entitled to a rescission of the contract, and directed that the land be sold to satisfy the lien for the purchase money.

Upon the return of the case, a judgment was rendered in accordance with the mandate of this court, but before the sale of the land, the appellee obtained an attachment against the defendants upon the ground that the land was not sufficient to pay the judgment, and his debt would be endangered, &c., which attachment, by way of garnishee, was levied on four hundred and twenty-four dollars, evidenced by a note made by James Dean to the defendants for the rent of the farm for the year 1884. The appellant, J. B. Leavell, intervened, claiming that he was an assignee for value of the note before the attachment was issued. The appellee contended, first, that the appellant having received the assignment from the defendant during the pendency of the suit, he was a *lis pendens* purchaser, consequently he acquired no right to the note, as against their claim, by reason of his purchase of it, and, second, that the purchase was collusive and fraudulent.

In order to constitute a *lis pendens*, it is essential that three elements concur ; first, the property must be of a character to be subject to the rule ; second, the court must have jurisdiction, both of the person and the property ; and, third, the property must be sufficiently described in the proceedings. If any one of these essentials is wanting there is no valid *lis pendens*.

First, as to the property subject to the *lis pendens*, it is sufficient if the property is in the grasp of the court ; that is, if the title, which includes the enforcement of a lien, is to be immediately affected by the judgment, the person acquiring an interest in the

property during the pendency of the suit acquires such interest *pendente lite.* He thus acquires the interest because the law affects him with notice of the right asserted to the property by the suit, and he is as much bound by the judgment, so far as the right to the property is concerned, as the party himself. If the rule were otherwise, any judgment subjecting property might, by reason of its transfer during the pendency of the action, be rendered futile. Hence, the law affects such purchaser with notice, and the judgment is as conclusive upon him as it is upon the party himself.

Second, the court must have jurisdiction of the person and property. It is sufficient if the jurisdiction of the person is acquired by reason of the jurisdiction of the property, but the court must have the property in its grasp in order to create a *lis pendens.* Now, it is well settled in this State that a vendor's or mortgagee's lien does not include the rent of the property. The rent belongs absolutely to the vendee or mortgagor, to be used and disposed of by him as he may wish, notwithstanding the pendency of the suit to enforce the lien upon the property itself, unless there has been a receiver appointed to take charge of the rent, or unless it has been attached, or unless by contract it is subject to the lien for the purchase money. In either named case, if the right is attempted to be enforced, the court has the rents in its grasp, and a *lis pendens* applies to them as as well as to the property itself.

But the question is, did the agreement of the parties or the judgment of the court make the rent attached the subject of a *lis pendens?*

In the first place, the agreement in reference to the rent for the period named was made with reference to the issue of rescission; and in the second place, the judgment in regard to the rent was a part of the judgment of rescission, and the court, under the circumstances, had no jurisdiction of the subject of rents, except as an equitable adjustment upon a rescission of the contract of purchase; and both the agreement and judgment having taken place upon the idea of a rescission, the mandate of this court reversing the judgment of rescission and directing a judgment enforcing the vendor's lien upon the land itself, not the rents, placed the parties in *statu quo* as to the rents, which vested the right to the same in the vendees. Also, if there be any doubt as to this position, it is clear that the rent in controversy accrued after the reversal of the case, and the vendees had resumed the control of the place and its rents, which they assigned to the appellant before the issual of the attachment; and there being no *lis pendens* and no lien on that rent, the assignment passed the title to the same to the appellant as against the appellee, unless the assignment was made in consideration of a collusion between the appellant and the assignors to defraud the appellee, of which there is no sufficient evidence.

The judgment is reversed as to the matter of said rent, &c.