This action is brought to recover the personal property specified in the complaint, the plaintiffs availing themselves of the provisional remedy of claim and delivery. The plaintiffs allege their title to and right to have possession of the property particularly specified. The defendant, in his answer, denies the material allegations of the complaint. The court submitted, among others, this issue: "1. Are the plaintiffs owners of the property in dispute, or any part thereof?" to which the jury responded, "No."
On the trial the plaintiffs put in evidence a paper-writing, whereof the following is a copy:
"Know all men by these presents, that I, R. B. Flower (farmer), of Wayne County, and State of North Carolina, for and in consideration of $5, to me advanced by H. Weil Bros. (merchants of said county), and in consideration of further advances promised to be made by said H. Weil Bros. during the year, from time to time, not (213) to exceed $200, the better to enable me to make a crop the present year, have bargained, sold and assigned, and by these presents do bargain, sell and assign unto said H. Weil Bros. all my entire crop now growing or to be growing the present year, on my land, or on any other land I may cultivate the present year, of cotton, corn, fodder, peas, rice and other agricultural products, and hereby promise, covenant and agree to transfer, set over, and deliver the same, or as much thereof as may be necessary to pay said advances, on or by 15 October, 1888, to said H. Weil Bros., to be by them sold for cash, and the proceeds of such sale to be applied to the payment of such advances, and any balance remaining they are to apply to a note of $876, given H. Weil Bros., 1 January, 1885.
"And the said R. B. Flowers, in consideration of the premises above set forth, hereby sells and conveys to said H. Weil Bros. the following articles of personal property, to wit, one black mare mule, twelve years old; one cow and two heifers, three sows and three pigs and their increase, one wagon, two carts, one buggy and harness, and my entire interest in the crops of my tenants, renters and croppers for 1888, either for rent, or guano, or supplied I may furnish them, and one cotton gin and press. All of which the party of the first part represents to be his own right and property, and that no other person has any claim on the same.
"With the agreement, nevertheless, that if the said R. B. Flowers shall pay said H. Weil Bros. for all such advances as they may make said R. B. Flowers in pursuance of this agreement, on or by 15 October, 1888, as aforesaid, then this agreement and every part thereof to be void; and, on failure of said R. B. Flowers to pay said H. Weil 
Bros. by the said 15 October, they are hereby authorized and (214) *Page 156 
empowered to take possession of said crops and personal property and sell the same, or so much thereof as will satisfy said debt and all necessary expenses, and the balance, if any, apply to said note of $876.
"It is further agreed and understood, that if the party of the first part should from any cause fail to cultivate said crops, or do any act, the effect of which would defeat the objects of this conveyance, then the party of the second part shall not be obliged to make any further advances, and the indebtedness already incurred shall become due and collectible at once, in the manner hereinbefore provided.
"In witness thereof, the said R. B. Flowers hath hereunto set his hand and seal, this 13 February, 1888.
"R. B. FLOWERS. (Seal.)"
The defendant objected "to so much of the crop lien or chattel mortgage (that just recited) as refers to the crops, on the ground that sufficient description of the crop is given. Objection sustained, and the plaintiffs except."
The plaintiff then put in evidence a note of defendant to them for $876, dated 1 January, 1885, and due 1 November, 1885. They also put in evidence the defendant's other note to them for $135 to be due on 15 November, 1888, which was secured by a chattel mortgage executed on 17 February, 1888. This mortgage purported to convey to the plaintiffs certain property therein described, as follows:
"One mouse-colored horse, mule and one black mare mule, and all my crop of cotton, corn, fodder, peas, etc., to be raised or grown by me the present year, 1888, also all the interest I have or may have in the crops of my tenants for the year 1888."
The defendant contended that he had paid for all advancements made to him in pursuance of the above set forth agricultural lien, and likewise the debt secured by the last mentioned chattel mortgage. The (215) plaintiffs contended, on the other hand, that the last mentioned note had not been paid, that the payments made by the defendant with proceeds of cotton, embraced by the agricultural lien, had been applied, and properly, to the payment of advancements made under the lien and to payment in part of the note therein mentioned for $876. The defendants testified that he had instructed the plaintiffs to apply the payments made by him to the discharge of the debt for advancements and the note for $135, secured by the chattel mortgage.
The court, among other things, instructed the jury as follows:
"That the inquiry was whether the $135 note had been paid:
"1. A debtor owing several debts has a right to apply the payments to any one of them, but this right must be exercised when the money is paid, otherwise the creditor has the right to make the application. *Page 157 
"2. If the jury believe that at the time R. B. Flowers made these different payments, which the plaintiffs admit he made, he directed the plaintiffs to apply the same to the mule note, they ought to have been so applied."
The plaintiffs requested the court to charge:
1. That in the absence of a special agreement at the time of the payments spoken of, or thereafter, to apply them differently, the law would apply them to the $876 note.
2. That there could be no agreement to apply said payments differently unless assented to by the plaintiffs, and there is no evidence of such assent.
The first of the foregoing instructions was given by his Honor and the second refused, and the plaintiffs excepted.
Plaintiffs excepted:
1. To the first instruction given by his Honor, upon the ground that it was inconsistent with the special instruction prayed for by plaintiffs and given by his Honor, and further, upon the ground (216) that said instruction, while true as an abstract proposition of law, was not applicable to the facts in the case.
2. Plaintiffs also excepted to the second instruction given, upon the ground that it was inconsistent with the special instruction prayed for by the plaintiff and given, and also upon the ground that by the terms of said crop lien said payments were to be applied to the payment of the $876 note, and the defendant had no right to direct a different application except by the consent of the plaintiffs.
3. Plaintiffs further excepted to said charge for that his Honor failed to instruct the jury as the rights of the plaintiffs in case they should find that said two hundred dollars secured in said crop lien and the $135 note secured in said chattel mortgage were paid.
Verdict and judgment for the defendant, and plaintiffs appealed.
The first exception must be sustained. The description of the crops in the agricultural lien as "All my entire crop now growing, or to be grown the present year on my land," designated with sufficient certainty the land and also the crops intended to be conveyed. They could, by such description, be ascertained. The other words "or on any other land" were too indefinite, because they pointed to no particular lands. The lands of the maker of the lien, at the time he executed it, could be seen and known — those that he might cultivate, could not. Woodlief v. Harris,95 N.C. 211; Gwathmey v. *Page 158 
(217) Eitheridge, 99, N.C. 571; S. v. Logan, 100 N.C. 454; Brown v. Miller, 108 N.C. 395; Rountree v. Britt, 94 N.C. 104.
We are also of opinion that the court should have instructed the jury that the plaintiffs had the right, by virtue of provisions of the agricultural lien, to apply the money, the proceeds of the cotton or other property embraced by it, after paying the debt for advancements, to the payment of the note therein specified. The agricultural lien was not simply such; it took on and possessed the qualities of a chattel mortgage as to the note, and expressly provided that any surplus above the payment for advancements should be applied to the payment of the note, so far as the same might be adequate. Such provisions might be made in such lien. An agricultural lien may contain a mortgage provision. Rawlings v. Hunt,90 N.C. 270.
The subsequent chattel mortgage to secure the note for $135 mentioned, did not have the effect to change or modify the provision for paying the note above referred to. Though this mortgage embraced the same property that the lien embraced, it was made subsequent and subject to the lien and all the provisions therein contained, in the absence of any modifying provision. It did not in terms, or by implication, modify the lien. As to the large note specified in the latter, it was a second mortgage subject to the first. The mere fact that the plaintiffs took the second mortgage did not, in legal effect, modify the provision for the large note in the first one. There is nothing in the second mortgage that shows such purpose; nor was there any evidence of agreement, by parol or otherwise, to modify the first mortgage provision in the lien. The court ought not, therefore, to have told the jury that the defendant had the right to direct the application of the money to the note embraced by the second mortgage, and they might find that he gave such instruction to the plaintiff. The evidence went to prove that the plaintiffs had the right to apply the payment made as above (218) stated, and there was no evidence to the contrary.
There is, therefore, error. The plaintiffs are entitled to a new trial.
Error.
Cited: Perry v. Bragg, post, 304; Hurley v. Ray, 160 N.C. 379. *Page 159