J. R. SHOMAKER AND J. W. HINSON, PARTNERS AS J. R. SHOMAKER & COMPANY, *Plaintiffs in Error*, v. T. H. WATERS AND R. F. DAVIS, PARTNERS AS WATERS & DAVIS, *Defendants in Error*.

1. A mortgage for advancement upon crops is sufficiently definite in description that covers "all cotton, corn and other products grown or produced by me or upon my farm in the year A. D. 1904," when the mortgagor owns but one farm and the county is shown.

2. A crop lien mortgage, beginning "State of Florida, County of Jackson," and prohibiting the removal of the crop from "the county," which is executed, acknowledged and recorded in said county, sufficiently identifies the county in which the lien is executed.

This case was decided by Division A.

Writ of Error to the Circuit Court for Jackson County.

The facts in the case are stated in the opinion of the court.

*W. B. Farley,* for plaintiffs in error.

*D. J. Jones,* for defendants in error.

COCKRELL, J.—The plaintiffs in error, as plaintiffs, sued the defendants in error, as defendants, for the value of three bales of cotton, which it was claimed were covered by a mortgage crop lien given the plaintiff by one Adams.

Upon the trial the court rejected the mortgage upon objection interposed that it did not sufficiently describe the property alleged to have been bought, and that there

was a variance between the mortgage offered and that described in the declaration. As to the latter point we can find no variance and the defendant has not insisted upon the point here. The mortgage opens "State of Florida, County of Jackson," and stating the parties and the consideration of a past indebtedness and future advances creates a lien "upon all cotton, corn and other products grown or produced by me or upon my farm in the year A. D. 1904." * * * And it is agreed that upon removal of any part of the above named property from the county, then this debt immediately becomes due and this mortgage subject to foreclosure." The instrument is dated December 7, 1903, and was duly executed, acknowledged and recorded, in the public records of Jackson County. The plaintiff offered to supplement this by parol evidence that Adams owned but one farm, which is in Jackson county, and upon which he raised the three bales of cotton during the year 1904, all of which was rejected

We are of the opinion that the mortgage and the proffered evidence were admissible. These crop mortgages are not interests in real estate, so as to require a definite description thereof, but are chattel mortgages long in use in the cotton States at least and should not be held to too rigid construction.

The mortgage indicates everything essential to an exact description. All the cotton, corn and other products to be grown by Adams upon his farm in Jackson county. We think it fairly inferred that the particular county is designed, seeing that it prohibits the removing of the crop from the county, and but one county had been mentioned. Westinghouse Co. v. McGraph, 131 Iowa 226, 108 N. W. Rep. 449, S. C. 117 Am. St. Rep. 421.—There is nothing indefinite or uncertain as to the

particular bales of cotton in that the whole year's crop was covered, nor is there the uncertainty as to where the crop was to be grown, seeing that it was confined to the mortgagor's one farm. Authorities from our sister States are abundant to uphold this mortgage, at least when supplemented as was here attempted. An examination of the records would have placed Waters and Davis upon notice that all the cotton raised by Adams upon his farm in Jackson county for the year 1904 was covered by the mortgage to Shomaker and Company, and their failure to make the search should be their loss. Johnson v. Grissard, 51 Ark. 410, 11 S. W. Rep. 585, S. C. 3 L. R. A. 795; Smith v. Fields, 79 Ala. 335; Connally v. Spragins, 66 Ala. 258; Ellis v. Martin, 60 Ala. 394; Wasson v. Connor, Trustee, 54 Miss. 351; Weil v. Flowers, 109 N. C. 212, 13 S. E. Rep. 761.

Judgment reversed.

SHACKLEFORD, C. J., and WHITFIELD, J., concur.

TAYLOR, HOCKER and PARKHILL, JJ., concur in the opinion.