SAM R. HYMAN and MAJORIA HYMAN, His Wife, SAYL S. HURWICH (also Sometimes Known as SOL. S. HURWICH) and RUBY HURWICH, his Wife, and S. TENNENBAUM & COMPANY, a Partnership of Cincinnati, Hamilton County, Ohio, *Appellants, v.* THE CITY TRUST COMPANY, a Corporation of the State of Florida, as Trustee; ERWIN S. WOLFSON, unmarried; ——— SIMPKIN, M. A. KULLER and ERWIN S. WOLFSON, a Co-partnership, Doing Business as SIMKIN, KULLER & WOLFSON; SHAW'S INCORPORATED, a Co-partnership Organized and Existing Under the State of Florida; HORACE B. MANN, DRAKE LUMBER YARDS, INC., a Corporation Organized and Existing Under the Laws of the State of Florida; ROSE WOLFSON, EVA SCHAENGOLD, BEN SCHAENGOLD, and ——— SCHAENGOLD, his Wife, and ALFRED L. HILL and ——— HILL, his Wife, *Appellees.*

Division B.

Opinion filed May 27, 1930.

*Baron de Hirsh Meyer, Ress Meyer & Lipnitz* and *Wm. Wansker,* for Appellants;

*Kurtz & Reed,* for Appellees

BUFORD, J.—This was a suit to foreclose a mortgage on property described as follows:

"The South Forty-four (44) feet of Lot Twenty-seven (27), and all of Lot Twenty-eight (28), of Block One (1) of Bryan Park, being a subdivision of the NE¼ of the NW¼ and the N½ of the SE¼ of the NW¼ of Section 10, Township 54 South, of Range 41 East, of Dade County, according to a plat thereof recorded in plat book 5, page 69, of the public records of Dade County, Florida; together with that certain three story apartment building about to be constructed thereon, together with all furniture, fixtures and equipment to be placed in said building or upon said premises at any time during the term of this mortgage."

Answer under oath was not waived. An answer was filed by defendants claiming a chattel mortgage prior in

dignity covering the furniture and fixtures upon which the complainants claimed a prior mortgage by reason of the inclusion in the above quoted description. Testimony was taken. The master made his report and decree was entered in favor of the complainants.

The questions submitted to this Court are:

1st. Whether or not a general mortgage duly recorded covering after acquired personal property is superior to a subsequent chattel mortgage claimed on the same personalty. The question is settled in this jurisdiction contrary to the contention of the appellant by the opinion in the case of Marion Mortgage Company v. Teate et ux., opinion filed October 18, 1929, 124 So. 172.

2nd. The next question attempted to be presented is whether or not a retention of title *contract* may be verbal as well as written. This question is not really presented in this case because the answer does not allege, nor does the evidence show that there was any retention of title *contract* between the vendor of the furniture and the purchaser of the furniture. It is alleged in the answer that it was the intention of the parties that the vendor should retain title until the furniture was fully paid for, or until the mortgage was given on the furniture to secure such payment and there is some evidence as to this condition, but the chancellor is amply supported in his finding which is evidenced by his decree that the vendor did not retain title to the furniture delivered to the vendee and that the vendor took a chattel mortgage on the furniture long after delivery and at a time when the vendor had constructive notice of the existence of the lien in favor of the complainant by the record of complainants' mortgage. The appellants have not made it appear that the finding of the chancellor in this regard was clearly erroneous and, therefore, such finding will be sustained.

3rd. The third question which is presented is whether or not the court erred in ordering the real estate and furniture sold in bulk rather than in separate parcels. It appears to us that if the appellants had desired the sale of the furniture to be made separate from the sale of the real estate, timely motion might have been presented to the chancellor to modify the decree prior to the sale so as to accomplish this purpose, but so far as the record shows the appellant made no complaint against the procedure which was adopted until after the sale had been made and, thereupon, filed objections to the confirmation of the sale. The mortgage of the appellees covered the entire property as a unit. The court had already determined that the appellant had no lien upon the property prior in dignity to the lien of the appellees. If this holding of the chancellor was correct then the appellant could not be affected by the manner of sale, unless it should be shown that the entire property when sold in separate parcels would bring more than the amount of the appellees' decree, which showing is not made in the instant case. See 19 R. C. L. 576, and cases there cited.

There is neither allegation nor proof of any injury to the appellant resulting from the sale of the property as a unit.

The decree of the chancellor should be affirmed and it is so ordered.

Affirmed.

Whitfield, P. J., and Strum, J., concur.

Terrell, C. J., and Ellis and Brown, J. J., concur in the opinion and judgment.