GENTILE BROTHERS, INC., a corporation, *Appellant*, vs. L. M. BRYAN, *Appellee*.

Division B.

Opinion filed April 15, 1931.

Petition for re-hearing denied May 16, 1931.

*Holland & Bevis* and *Robert L. Hughes,* for Appellant; *Leitner & Leitner,* for Appellee.

WHITFIELD, P.J.—L. M. Bryan, without the concurrence of his wife, executed a mortgage "lien upon all citrus fruit that may be produced on trees growing upon" described lands, the homestead of the mortgagor. The mortgage contains a personal covenant that Bryan "will at all times cultivate, spray for control of pests and diseases, and in all ways diligently care for and protect the citrus trees and the fruit growing thereon"; and the mortgage lien is to secure payment for "cash advances made, supplies furnished and services rendered" by the mortgagee, who agreed "to furnish * for use on the trees such fertilizer, spray material and insecticides as shall be * necessary * for protecting fruit on all trees." The question presented is whether under the constitution the wife must join the

husband in mortgaging fruit growing upon the homestead.

The constitution provides that homestead "real estate shall not be alienable without the joint consent of husband and wife, where that relation exists."

A mortgage given only upon a crop of oranges that is growing on the homestead real estate is not in law an alienation of the "real estate", within the meaning and intent of the organic provision. Bearing orange trees are not planted annually, but unless the trees are properly cultivated, fertilized, sprayed and otherwise cared for, the annual fruit crop is indifferent and annually becomes less and less profitable. In Summerlin v. Orange Shores, Inc., 97 Fla. 996, 1004, 122 So. 508, 511, it is said:

"Since fruits of trees, such as peaches, apples, and other fruits, depend so much upon yearly cultivation and labor, including spraying for insects which attack and destroy the fruit, the yearly products of such perennial plants and trees are considered as chattels while the tree itself is regarded as part of the realty."

Even though trees are *fructus naturales*, the annual fruit of the trees, if mainly produced by cultivation, manuring and personal attention, may be *fructus industriales*. 8 Am. & Eng. Law (2nd. Ed.) 303. Where a mortgage is given upon a growing citrus fruit crop for supplies that are used in the proper cultivation of the trees to produce an annual fruit crop, the fruit when produced from such annual cultivation and attention may in law be classed as *fructus industriales* and not *fructus naturales*, when the mortgage gives no lien upon or interest in the land or the trees. See Purner v. Piercy, 40 Md. 212, 17 Am. Rep. 591; Vulicevitch v. Skinner, 77 Cal. 239, 19 Pac. R. 424; 22 R. C. L., p. 72; 1 Thompson on Real Property, section 110; 17 C. J. 380; Smock v. Smock, 37 Mo. App. 56. See also

Richburg v. Rose, 53 Fla. 173, 44 So. 69, 74, 125 Am. St. Rep. 1061, 12 Ann. Cas. 274. A mortgage given upon fruit produced by cultivation upon the homestead is not an alienation of the homestead real estate requiring the joint consent of the husband and wife.

Reversed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.