PLANT CITY AGRICULTURAL CREDIT COMPANY, a corporation, *Appellant,* vs. P. J. POOL and WALTER W. TAYLOR, et al., *Appellees.*

139 So. 595.

Division B.

Opinion filed December 9, 1931.

Petition for rehearing denied February 2, 1932.

*Cassells & Trinkle,* of Plant City, for Appellant;

*Summerlin & Wimberly,* of Winter Haven, for Appellees.

DAVIS, J.—In this case there was an intervention filed by Plant City Agricultural Credit Company in a pending mortgage foreclosure proceeding by which the intervenor attempted to establish the priority of an alleged crop lien over the mortgage lien which was being foreclosed against citrus lands and a crop of citrus fruit growing thereon. The court permitted the intervention to be filed, but sustained a demurrer to it and entered a decree that it be dismissed. From this decree sustaining the demurrer and dismissing the petition the appeal here has been taken.

We are of the opinion that no error was committed by the court below in the ruling complained of. Even if it be conceded that a lien under Section 5378 C. G. L., 3515 R. G. S., is superior to a mortgage lien which is prior in point of time (a point we do not now decide), the petitioner fails to bring the intervenor's claim within the terms of the statute. The statute itself provides for a lien only when moneys, goods or chattels or other things of value have been advanced to a person, or persons, "to aid him, her or them in the business of planting, farming, timber

getting, or any other kind of businesses in this State from any factor, merchant, firm or person in the State.''

There is nothing in the petition for intervention which shows that the lien or advance relied upon to create a preference under Section 5378 C. G. L., supra, was made to a person engaged in the ''business'' of producing citrus fruit or to aid in any such ''business'' of producing citrus fruit. Therefore the terms of the statute which are restrictive in character cannot be invoked by the intervenor whose petition affirmatively shows that the intervenor relies upon a so-called ''Crop lien and mortgage'' given to secure a promissory note of $5,000.00 to aid the seller in growing and producing a crop of citrus fruits on certain specifically described property.

Whatever validity or priority such an instrument as the one relied upon by intervenor has, depends upon the provisions of Chapter 10279, Acts of 1925, which provides ''that valid mortgage liens may be created upon agricultural, horticultural or fruit crops, then planted, growing, or to be thereafter planted, grown or raised: provided that the lands upon which said crops are grown or raised, or are to be thereafter grown or raised, are fully described in said mortgage.''

Said Chapter 10279, *supra*, further provides that in order to be valid against *subsequent* incumbrances or *subsequent* purchasers in good faith, all such mortgages shall be executed, acknowledged and recorded as provided by law for mortgages upon real estate. A mortgage almost identical in terms with the one before the court in this case has recently been considered by this Court in the case of Gentile Brothers, Inc. v. Bryan, 101 Fla. 233, 133 Sou. Rep. 630, where this court recognized the force of the statute and held that a mortgage is valid as to the fruit, when given upon a growing citrus fruit crop for supplies used in the proper cultivation of the trees to produce an annual fruit crop, where it appears that the fruit pro-

·duced from such annual cultivation and attention may in law be classed as *fructus industriales* and not *fructus naturales,* although such a mortgage gives no lien or interest in the land or the trees.

Such is the status of the intervenor's ''crop lien and mortgage'' upon which he relies in this case. By the terms of this ''crop lien and mortgage'' the owners of the land upon which the trees were situated at the time the same was given, gave a *mortgage on the fruit* to pay a \$5,000.00 note executed by them which represented amounts advanced by the lender to the crop owner to aid in producing the crop mortgaged.

But a mortgage of this kind properly falls under Chapter 10279, Acts of 1925, *supra,* and not under Section 5378 C. G. L., *supra,* the two statutes being inconsistent with each other and being intended to have an entirely different field of operation. Mortgages under Chapter 10279 upon agricultural, horticultural or fruit crops planted, growing or to be grown, while valid, must nevertheless be properly made, executed, acknowledged and recorded to be good against *subsequent* incumbrances or *subsequent purchasers* in good faith, and there is nothing in the 1925 statute which evinces a legislative intent that mortgages on such agricultural, horticultural or fruit crops can be legally made under that statute to take precedence over existing recorded mortgage lien applicable to both the land and the citrus fruit crops grown thereon, without the consent of the prior lien holder.

We are cognizant of the holdings of many other jurisdictions that it is competent for the Legislature to pass a statute which will enable an agriculturist to give a lien for advances secured to make a crop which will take precedence over a prior recorded mortgage insofar as the advances obtained are concerned, but in the absence of a clear legislative intent that mortgages given under Chapter 10279, *supra,* shall have such effect, we must hold that

mortgages given under that statute are like other mortgages and take precedence in the same way and according to the same rules.

In this case the mortgage on the crop was made and recorded subsequent to a prior mortgage on the same property and therefore there was no error in the court's dismissing the intervenor's petition which could only have been sustained upon a showing of priority in favor of intervenor's mortgage as against the prior recorded mortgage of the complainant in the suit in which the intervention was filed, so the decree appealed from must be affirmed, and it is so ordered.

Affirmed.

WHITFIELD, P.J., AND TERRELL, J., concur.

BUFORD, C.J., AND ELLIS, J., concur in the opinion and judgment.