HAINES CITY CITRUS GROWERS ASSOCIATION, a corporation, *Plaintiff in Error,* vs. GORDON PETTEWAY, as Receiver, *Defendant in Error.*

145 So. 183.

Opinion filed December 5, 1932.

Petition for rehearing denied January 11, 1933.

*George Palmer Garrett,* of Orlando, for Plaintiff in Error.

*Huffaker & Edwards,* of Bartow, for Defendant in Error.

MATHEWS, Commissioner.—Jennie K. Lesley and husband executed and delivered to Lidie C. Oblinger a mortgage dated August 13th, 1928, in the amount of $7,500.00, upon the West half of the Southwest quarter of the Southeast quarter of Section 19, Township 27, South, Range 27 East, Polk County, Florida. This mortgage on the realty was not paid, and on August 22nd, 1929, bill was filed to foreclose it. Lis Pendens describing the land was filed on the same date. A receiver, F. A. Randall, President of the defendant corporation, was appointed by order of the court, dated November 15th, 1929, and filed November 18th, 1929, which authorized him to take possession of the premises and cultivate, fertilize, spray and tend the citrus fruit grove. A decree of foreclosure was entered March 25th, 1930, and the lands sold on the May, 1920, rule day.

On September 19th, 1929, after the filing of the Lis Pendens in the foreclosure proceeding, a fruit-crop mortgage from Jennie K. Lesley and husband to the defendant was filed and recorded. The fruit-crop mortgage was dated August 10th, 1928, and was given to secure the sum of $485.49 upon the citrus fruit crop then growing on the land described in the real estate mortgage and on the fruit crops to be grown on such land for a period of five years, or until payment of the indebtedness thereby secured. The

fruit-crop mortgage therein provided the defendant, as agent of the mortgagor, might enter and remove the fruit and convert it into money and thereupon apply the net proceeds in payment of its mortgage. This mortgage contained a covenant on the part of the mortgagors that said premises and fruit crop are free and discharged from all liens except mortgage to Lidie C. Oblinger, recorded in Mortgage Book 363, page 599, Polk County records. The defendant, on February 21st, 1930, picked from the groves 239 boxes of oranges, 104 boxes of grapefruit and 14½ boxes of tangerines, from which it received net returns in the amount of $485.65.

In July, 1930, Gordon Petteway was substituted for Randall as receiver, and in November, 1930, Gordon Petteway, as Receiver, instituted suit in the court below for the purpose of recovering from the defendant the net amount received by it from sale of the citrus fruit picked by it from the grove. Final judgment was entered for the plaintiff in the suit brought by Petteway, as receiver, and defendant sued out writ of error.

The question here presented is whether the net returns from the citrus fruit, severed before foreclosure sale, may apply in payment of the fruit of the fruit-crop mortgage or must pass to the Receiver to be applied in further reduction of the indebtedness which the real estate mortgage was given to secure.

Growing citrus fruit crops, such as oranges, grapefruit and tangerines, which essentially owe their annual existence to cultivation and labor, including fertilizing and spraying for control of insects and diseases which attack and injure the fruit, though products of perennial plants or trees, are chattels, while the trees themselves are part of the realty. Summerlin vs. Orange Shores, Inc., 97 Fla. 996, 122 So. 508. In Gentile Brothers, Inc., vs. Bryan, 101 Fla. 233, 133 So. 630, we held that a mortgage upon fruit

produced by cultivation upon the homestead is not an alienation of the homestead real estate requiring the joint consent of the husband and wife. Article 10, Constitution of Florida. Though a husband has no power to mortgage the crops grown on the separate statutory real estate of his wife, without her written consent as required by the Constitution. Shoemaker vs. Waters, 59 Fla. 414, 52 So. 586; Article II, Sections 1 and 2, Constitution of Florida.

Under the provisions of Section 1, Chapter 10279, Acts of 1925; Compiled General Laws, Section 5741, valid mortgage liens may be created upon agricultural, horticultural or fruit crops, then planted, growing, or to be thereafter planted, grown or raised; provided that the lands upon which said crops are grown or raised, or are to be thereafter grown or raised, are fully described in the mortgage. Summerlin vs. Orange Shores, Inc., supra. Such mortgages on crops not in being may operate as a lien on such crops as soon as they come into existence. Summerlin v. Orange Shores, Inc., supra; 5 R. C. L. 407. Fruit-crop mortgages, however, in order to be valid against subsequent encumbrances or subsequent purchasers in good faith shall be executed, acknowledged and recorded, as is now, or may be hereafter provided by law, upon mortgages upon real estate. Section 2, Chapter 10279, Acts of 1925; Section 5742, Compiled General Laws; see also Section 5762, Compiled General Laws of 1927. But fruit-crop mortgages given under Sections 5741 and 5742, Compiled General Laws, do not take precedence over prior existing recorded mortgages in terms covering the fruit crops and lands, unless by consent of the prior mortgagees. Plant City Agricultural Credit Co. vs. Pool, 103 Fla. 806, 139 So. 595; Hyman vs. City Trust Co., 99 Fla. 1202, 128 So. 611. Under the statutes of this State, a mortgage is held to be a specific lien on the property therein described and not a conveyance of the legal title or the right of possession.

348

Section 5725 (3837) Compiled General Laws. And the mortgagor and those claiming under him, where there is no receivership over the property, are entitled to the possession of the *mortgaged* property until sale made pursuant to decree of foreclosure. Brown vs. Snell, 6 Fla. 741; Pasco vs. Gamble, 15 Fla. 562.

In Wooten vs. Bellinger, 17 Fla. 289, Wooten brought his bill to foreclose a lien for unpaid purchase money for lands sold to Davis and also to hold a crop of cotton raised on the land as subject to the same lien or charge. Bellinger held a duly recorded mortgage upon the cotton. The bill charged that Bellinger took his mortgage from Davis to secure advances, supplies and general indebtedness; that Davis was insolvent and that the land was not of sufficient value to pay the amount of purchase money, interest and taxes due and to become due. Complainant insisted that his position was that of a mortgagee and that in effect he was foreclosing a mortgage and that as mortgagee he had not only a lien upon the land, but on the rents, issues and profits, and claimed that Pasco vs. Gamble (15 Fla. 560) establishes the doctrine that a mortgage is in equity a charge upon the products of the land, as well as upon the land itself, and by deduction therefrom that a mortgage upon the land is a mortgage upon the products. This court there said:

"A mortgage is a legal and equitable lien upon the land, but it is neither a legal nor equitable *lien* upon the profits of the land. This *charge* upon the produce springs out of the peculiar circumstances of the case and is not *per se* an incumbrance upon the crops, but the enforcement by the court of conscience of an equitable principle. * * Equity makes the mortgage, as between mortgagor and mortgagee a charge upon the rents and profits whenever the mortgagee (mortgagor) is insolvent and the security is inadequate. * * *. In this aspect, it is said by some of the authorities

'the land with all its produce' is regarded as security for the mortgage debt, as between the mortgagor and mortgagee, and where the security of the land is hazardous or clearly insufficient, a receiver may be appointed for the purpose of subjecting the rents and profits of the mortgaged land, *thus* charging the produce with an equity, though up to the time of the order of sequestration there was no lien upon it. * * * The Rule indicated in Pasco vs. Gamble (15 Fla. 562) was not that a mortgage upon the land covered also the crops and produce, but that under peculiar circumstances equity would charge the crops and profits. Yet, though the products may be subjected, or charged in equity with unpaid interest, taxes, etc., they cannot be said to be encumbered so as to give a preference to the mortgagee or vendor claiming a lien upon the land as against another creditor who may obtain an express lien upon the crop under the statute, or by chattel mortgage or execution (Gilman vs. Brown, 1 Mason 221; 1 Leading Cases in Equity 4 Am. from 4th London Ed. Tit. ''Vendor's Lien,'' 486-502).''

In the case at bar, the real estate mortgage which was filed in evidence did not in terms cover the produce or fruit crop grown and to be grown upon the land, and we therefore hold as we did in the Wooten case, supra, that the real estate mortgage was not a lien upon the produce (fruit crops), and that while the court in the foreclosure proceeding, on a proper showing, might have regarded the produce as partial security for the mortgage debt as between the mortgagor and the real estate mortgagee. Yet the products were not in any sense encumbered by the real estate mortgage as against the fruit crop mortgagee holding an express lien upon the fruit under the provisions of Section 5741, Compiled General Laws of 1927. Leavell vs. Poore, 91 Ky. 321; 15 S. W. 858; Wooten vs. Bellinger, supra.

The fruit crop mortgagee, by knowingly accepting the fruit crop mortgage containing the covenant on the part of the mortgagor "that said premises and fruit crop are free and discharged from all liens except mortgage to Lidie C. Oblinger" did not thereby admit that the mortgage to Oblinger, which covered only the real estate, was also a lien upon the fruit crop, nor was he estopped thereby from showing that the mortgage to Oblinger did not cover the crops grown and to be grown on the land. A recital that does not amount to a precise affirmation of a fact will not estop the party to deny the fact. 21 C. J. 1112.

We are reminded here that the fruit-crop mortgage was not recorded until after suit had been begun to foreclose the real estate mortgage and not until after the filing of the Lis Pendens therein. The real estate mortgagee, whose mortgage did not cover the crops was not in position of a subsequent encumbrancer or subsequent purchaser under the provisions of Section 5742 Compiled General Laws of 1927, and the prevailing view makes the mortgage on personalty void only against creditors who obtained a lien on the mortgaged property before the instrument was filed for record. Southern Bank & Trust Co. vs. Mathews, 90 Fla. 542, 106 So. 402; Section 5726 (3838) Compiled General Laws of 1927.

In the proceeding brought to foreclose the real estate mortgage, it was not charged that such mortgage was a lien on the fruit and the prayer was for the establishment of a lien on the mortgaged premises. The Lis Pendens described only the land.

Lis Pendens notice does not affect property not embraced within the description of the pleadings, nor does it extend beyond the prayer for relief. DePass vs. Chitty, 90 Fla. 77, 105 So. 148; Lauders vs. Thomas, 35 Fla. 518, 17 So. 633. 48 Am. St. Rep. 255.

In Summerlin vs. Orange Shores, Inc., supra, where the

fruit crop was held as security for the real estate mortgage debt, it appears that the real estate mortgage was executed and recorded before Chapter 10279, Acts of 1925, providing for the creation of mortgage liens upon agricultural, horticultural or fruit crops growing or to be thereafter grown, took effect, and it was said in that case:

"We also regard the provisions of the Flesch Bros.' mortgage not as constituting a chattel mortgage of the 1926-27 crop of fruit, but as a contract to market the fruit through the mortgagee, and the clause under which the mortgagee claims the right to the possession of the 1927-28 crop a mere executory agreement to give the mortgagee an option to take possession of the crop and, if valid, would create no lien on the crop, but affords only a remedy in damages for failure to deliver the fruit."

Under the facts of the case at bar, the fruit crop mortgage was a valid lien upon the fruit crop severed from the land in February, 1930; and was prior and superior in dignity to the right of the real estate mortgagee to have the net proceeds from the sale of such fruit applied in reduction of the indebtedness evidenced by the real estate mortgage. It follows, therefore, that the final judgment rendered in the court below and brought here by writ of error, must be, and the same is hereby reversed.

PER CURIAM.—The record in this cause having been considered by the court, and the foregoing opinion prepared under chapter 14553, Acts of 1929, (Extra Session), adopted by the Court as its opinion, it is considered, ordered and adjudged by the court that the judgment of the court below be, and the same is hereby, reversed.

BUFORD, C.J. AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.