W. J. WEBER v. BELLE MEAD DEV. CORP., *et al.*

150 So. 594.

Division A.

Opinion Filed October 17, 1933.

*Millard B. Conklin,* for Appellant;

*B. F. Brass,* for Appellees.

Davis, C. J.—Sections 5741-5742, C. G. L. (Chapter 10279, Acts of 1925), are as follows:

"Valid mortgage liens may be created upon agricultural, horticultural or fruit crops, then planted, growing or to be thereafter planted, grown or raised: Provided, that the lands upon which said crops are grown or raised, or are to be thereafter grown or raised, are fully described in said mortgage. (Ch. 10279, Acts of 1925, Sec. 1).

"In order to be valid, however, against subsequent encumbrances, or subsequent purchasers in good faith, all such mortgages shall be executed, acknowledged and recorded, as is now, or may be hereafter provided by law, upon mortgages upon real estate. (*Id.* Sec. 2)."

Under said statutes, while valid mortgage liens between the parties may be created in the same manner as was permissible prior to the statute, upon agricultural, horticultural or fruit crops, then planted, growing or thereafter to be grown or raised by the mortgagor, yet in order to be valid against subsequent incumbrances or subsequent purchasers, all such mortgages must be executed, acknowledged and recorded as provided by law for mortgages on real estate. And to be effective by recordation, such mortgages must be in such form that the lands upon which the crops are to be grown or raised, shall appear fully described in the mortgage *as recorded.*

The first portion of the statute is to the effect that "valid mortgage liens may be created, etc." This is largely declaratory of the law as it has been heretofore recognized and followed in judicial decisions rendered on that subject in this State. See: Shomaker & Co. v. Waters & Davis, 56 Fla. 559, 47 Sou. Rep. 936; Summerlin v. Orange Shores,

Inc., 97 Fla. 996, 122 Sou. Rep. 508, text 511; Gentile Bros. v. Bryan, 101 Fla. 233, 133 Sou. Rep. 630; Bryan v. Gentile Bros, 106 Fla. 900, 143 Sou. Rep. 760; Plant City Agri. Credit Co. v. Pool, 103 Fla. 806, 139 Sou. Rep. 595.

But the latter portion of the statute regulates and provides for the only method by which such chattel mortgages may be made valid as against subsequent encumbrances and subsequent purchasers without notice. And to the extent that this special statute may be applicable, it must govern the determination of all controversies between mortgagees under such chattel mortgages, and third parties who assert claims to the mortgaged agricultural, horticultural or fruit crops, claiming to be subsequent encumbrances or purchasers thereof without notice.

In this case the Chancellor rendered a final decree against the appellant, W. J. Weber, in a foreclosure proceeding. The final decree adjudged the sufficiency of a chattel mortgage to impress a lien upon certain bulbs alleged to have been within the lien of the chattel mortgage, as well as a real estate mortgage. Certain of the bulbs had, before suit, been sold to one W. J. Weber, a third party. Weber, by his answer, contested the validity of the mortgage as to such bulbs as were, without notice, purchased by him from the mortgagor. The court overruled his contest and entered in favor of the mortgagee a money decree against Weber in the amount of $400.00, for the value of the bulbs he had purchased. From that decree said W. J. Weber appeals.

The effect of Section 1 of Chapter 10279, Section 5741 C. G. L., was not to completely prohibit the making of any valid chattel mortgages on agricultural, horticultural or fruit crops, except in the manner and form provided by the statute. Nor was the purpose of that statute to render

unenforceable between the immediate parties thereto any chattel mortgage not made in accordance with that statute.

On the contrary, the purpose of the statute was to provide that a chattel mortgage might be validly made in accordance with the statute, under circumstances that would make it invalid even as between the parties, but for the statute. For example, a mortgage attempted to be made on a crop before the preparation of the yearly crop began, such as was referred to in Summerlin v. Orange Shores, Inc., 97 Fla. 996, 122 Sou. Rep. 508.

In other words, Section 1 of the statute enlarged the right to make valid crop mortgages by extending the right to make such mortgages on crops to be planted or grown in *futuro* before the preparation of the yearly crop began. And the statute as a whole made, in addition thereto, certain restrictions on these enlarged mortgaging powers, as well as on all pre-existing mortgaging powers, when sought to be applied against subsequent encumbrances and subsequent purchasers without notice, by requiring all chattel mortgages on crops grown or to be grown to be made under the terms of the statute and recorded under it, if sought to be made applicable to subsequent encumbrances and purchasers of the subject matter.

Assuming that the available remedy at law against Weber in this case was not so plain, complete and adequate, as to preclude the exercise of any jurisdiction at all in a court of equity in this case as against Weber, in view of the nature of the right asserted against him (See Berlein v. Eddy, 89 Fla. 484, 104 Sou. Rep. 780) it appears that neither the chattel mortgage, nor the real estate mortgage foreclosed in this case, was in sufficient compliance with Chapter 10279, Acts of 1925, to bind Weber, as a subsequent purchaser of the mortgaged bulbs from the mortgagor with-

out notice, therefore the decree as against Weber is erroneous and must be reversed.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.