M. H. DePass, *Appellant*, v. H. M. CHITTY, A. B. CHITTY,
V. E. CHITTY, AND B. C. CHITTY, AS SURVIVING TRUSTEES
UNDER THE WILL OF MARY ANN CHITTY, DECEASED, *Ap-
pellees.*

En Banc.

Opinion Filed June 27, 1925.

1. The term *lis pendens* literally implies a pending suit. The
   doctrine of *lis pendens* is defined as the jurisdiction, power
   or control which courts acquire over property involved in a
   suit pending the continuance of the action and until final
   judgment therein.

2. Under the common law and equity rule of *lis pendens* the
   world was constructively on notice immediately suit was
   commenced. This rule as to notice has been materially modi-
   fied in many States by statute, the law in our State affecting
   the subject matter being Section 2853, Revised General Stat-
   utes of Florida.

3. Before any suit at law or in equity shall operate as a *lis
   pendens* notice of the institution of the suit must be filed in
   the Clerk's office, which notice must contain the names of

the parties, the time of instituting the suit, the name of the court in which pending, the dsecription of the property involved and a statement of the relief sought as to such property.

4. The statute does not attempt to define the scope of the notice of *lis pendens* when so filed and recorded, so we are left to glean such scope and effect from the general or common law rules on the subject. Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 So. Rep. 191.

5. Our statute is not restricted to actions in which the title to real property or some interest therein is involved, but applies to "any property," and except as to notice, it in no way affects the common law method of enforcing the doctrine of *lis pendens*.

6. The general rule is that *lis pendens* is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry and of the contents of exhibits filed and proved if they are pertinent to the matter in issue or the relief sought.

7. Notice is also limited to those matters in dispute between the parties to the action and has no application to matters not in issue and not pertinent to any issue and which cannot be determined in the proceedings, nor does its operation extend beyond the prayer for relief.

8. It is further essential that the litigation to which the notice of *lis pendens* refers shall result in a judgment or decree affecting the property described therein, which property must be pertinent to, and within the issues made.

9. The notice of *lis pendens* in a partition suit gives notice only of the relief sought as to the property described therein, and the facts contained in the record of that suit at the time instituted for the purposes thereof, and for the benefit of the parties thereto.

An Appeal from the Circuit Court for Alachua County; A. V. Long, Judge.

Affirmed.

*E. G. Baxter,* and *S. L. Scruggs,* for Appellant;

*Thomas W. Fielding,* for Appellees.

TERRELL, J.—Mary Ann Chitty, the mother of Samuel R. Chitty and appellees here, died testate in August, 1919, seized and possessed of certain lands in Alachua County, Florida. In December, 1919, Samuel R. Chitty and his sister, Annie Taylor, filed their bill of complaint in the Circuit Court of said County of Alachua against the children and grandchildren of deceased praying for partition of said lands. Notice of *lis pendens* was filed and recorded along with the bill for partition. Six days after filing the partition suit appellant, M. H. DePass, sued Samuel R. Chitty on a promissory note and recovered judgment against him June 20, 1920, for the sum of $385.00 and costs.

In the partition suit there was a decree ordering partition of the lands and the Commissioners reported that it would be impossible to make an equitable distribution. The court then ordered sale of the lands, which was made May 7, 1923, to A. B. Chitty, one of the defendants in the partition suit, for $3,700.00. The sale was confirmed May 31, 1923, and on June 12th following appellant secured execution on his judgment against Samuel R. Chitty and placed it in the hands of the sheriff, who levied on the interest of said Samuel R. Chitty in and to said lands.

Suit was then brought by appellees to restrain the sale of the interest of said Samuel R. Chitty in said lands. The Chancellor granted the restraining order and overruled appellant's demurrer to the bill. Appeal is taken from the order overruling the demurrer. In this state of the record the sole question presented for our determination is this:

What is the effect of the *lis pendens* filed with the partition suit upon the judgment of appellant against the purchaser at the partition sale, or, stated a little more concisely, what is the effect of a *lis pendens* filed with bill to partition land?

The term *lis pendens* literally implies a pending suit. The doctrine of *lis pendens* is defined as the jurisdiction, power or control which courts acquire over property involved in a suit pending the continuance of the action and until final judgment therein.  Dupee v. Salt Lake V. L. & T. Co., 20 Utah 103, 57 Pac. Rep. 845, 77 Am. St. Rep. 902; 17 R. C. L. 1008.

The doctrine of *lis pendens* had its origin in the civil law, but as applied in our time it seems to have originated in the common law rule obtaining in real actions to the effect that if the defendant alienated during the pendency of the suit the judgment in the real action overreached the alienation. The rule was later adopted from the common law courts by Lord Bacon as one of his ordinances for the better and more regular administration of justice in the court of chancery.  As thus adopted in the early history of chancery jurisprudence the rule has been followed by various succeeding chancellors and is now admitted by all elementary writers on the subject to be the established doctrine.   17 R. C. L. 1011.

Chancellor Kent's opinion in Murray v. Ballou, 1 John's Ch. (N. Y.) 566, decided in 1815, is the foundation of the doctrine of *lis pendens* in this country.

Under the common law and equity rule of *lis pendens* the world was constructively on notice immediately suit was commenced. This rule as to notice has been materially modified in many States by statute, the law in our State affecting the subject-matter being Section 2853, Revised General Statutes of Florida, 1920, and is as follows:

"No suit at law or in equity shall operate as a *lis pendens* as to any property involved therein until there shall have been filed in the office of the clerk of the circuit court of the county where the property is situated, and shall have been recorded by him in a book to be kept by him for the purpose, a notice of the institution of such suit, containing the names of the parties, the time of the institution of the suit, the name of the court in which it is pending, a description of the property involved, and a statement of the relief sought as to such property."

Inspection of the statute so quoted discloses that before any suit at law or in equity shall operate as a *lis pendens,* notice of the institution of the suit must be filed in the Clerk's office, which notice must contain the names of the parties, the time of instituting the suit, the name of the court in which pending, the description of the property involved and a statement of the relief sought as to such property. The statute does not attempt to define the scope of the notice of *lis pendens* when so filed and recorded, so we are left to glean such scope and effect from the general or common law rules on the subject. Peninsular Naval Stores Co. v. Cox, 57 Fla. 505, 49 South. Rep. 191. Our statute is not restricted to actions in which the title to real property or some interest therein is involved, but applies to "any property," and except as to notice, it in no way affects the common law method of enforcing the doctrine of *lis pendens.*

In 21 American & English Encyclopaedie of Law (2nd ed.) 598, the scope of notice by *lis pendens* is stated as follows:

"By the *Lis Pendens* the purchaser *pendente lite* is affected as with notice of everything set out in the pleadings or exhibits with sufficient certainty and distinctness to ad-

vise him of its bearing upon the property in litigation which is pertinent to the issues and to the relief sought, and of other material facts which means of information thus furnished, pursued with ordinary diligence and prudence, would bring to his knowledge; but not of any matters which are merely collateral, although they may incidentally appear.''

The general rule is that *lis pendens* is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry and of the contents of exhibits filed and proved if they are pertinent to the matter in issue or the relief sought. Center v. P. & M. Bank, 22 Ala. 743, text 757; Bridger v. Exchange Bank, 126 Ga. 821, 56 S. E. Rep. 97, 8 L. R. A. (N. S.) 463; 17 R. C. L. 1014; Pomeroy's Eq. Jur. (4th ed.) 633, 634. The notice arising from a pending suit as required by our statute does not affect property not embraced within the descriptions of the pleadings; nor does its operation extend beyond the prayer for relief. Notice is also limited to those matters in dispute between the parties to the action and has no application to matters not in issue and not pertinent to any issue and which cannot be determined in the proceeding. It is further essential that the litigation to which the notice of *lis pendens* refers shall result in a judgment or decree affecting the property described therein, which property must be pertinent to and within the issues made. Stout v. Philippi Manufacturing & Mercantile Co., 41 W. Va. 339, 23 S. E. Rep. 571, 56 Am. St. Rep. 843, Note 853, text 869, where the whole subject of *lis pendens* is fully covered.

The notice of *lis pendens* involved here was filed in connection with the partition suit to which appellees and other heirs of Mary Ann Chitty were parties. Appellant, who was party plaintiff in a suit which resulted in judgment

on a promissory note against S. R. Chitty, one of said heirs, now claims the benefit of said notice for the purpose of his suit. Is he in position to do so?    •

Appellant filed his suit against S. R. Chitty to recover on his promissory note in December, 1919, after the partition suit resulted in a sale of the lands described therein to A. B. Chitty, one of the parties thereto, June 5, 1923, who afterwards sold them to the appellees here. Appellant secured his judgment against S. R. Chitty, June 20, 1920, and on August 3, 1923, placed execution in the hands of the sheriff to levy on and sell the lands described in the partition suit to satisfy said judgment.

The notice of *lis pendens* in the partition suit gave notice only of the relief sought as to the property described therein and the facts contained in the record of that suit at the time instituted for the purposes thereof and for the benefit of the parties thereto. The suit of appellant to recover on the note of S. R. Chitty had no connection whatever with the partition suit, there was no notice filed in said suit, it was not a matter in issue between appellant and the parties to the partition suit, nor was it pertinent to the matter in issue or to the relief sought in the partition suit.

I have examined the record carefully and find nothing in the pleadings that would have the effect of extending the scope of the notice of *lis pendens* filed in the partition suit beyond that defined by the law as herein outlined. This being the view of the court, appellant can claim no advantage from said notice, so the decree of the Chancellor is affirmed.

WEST, C. J., AND WHITFIELD AND STRUM, J. J., concur.