149 So.2d 357 (1963)
Roy B. MARCHAND and Betty Jane Marchand, Appellants,
v.
DE SOTO MORTGAGE COMPANY, a Florida Corporation, Appellee.
No. 3581.
District Court of Appeal of Florida. Second District.
January 30, 1963.
*358 Frank Schaub, Bradenton, for appellants.
Richard A. Hampton, of Goodrich & Hampton, Bradenton, for appellee.
SHANNON, Chief Judge.
The appellants, intervenors below, seek by interlocutory appeal to have reviewed an order of the chancellor below denying their application for a discharge of lis pendens in regard to their property.
The main suit out of which this appeal grew was commenced by De Soto Mortgage Company, the appellee herein, against E.P. Stanley and wife, and Bayview Builders. Notice of lis pendens was simultaneously filed by the plaintiff in which was described several parcels of real property, including the one involved in this appeal.
From the allegations in the complaint it does not appear to have been based upon an instrument of writing, materialman's lien, or a mechanic's lien, against the property. The plaintiff asserted that the original defendants, as officers and directors of the corporation, had, inter alia, misused corporate funds by purchasing the subject property in their individual names. The relief sought was the imposition of an equitable lien upon the property described in the complaint and notice of lis pendens.
On March 8, 1962, the appellants filed their petition to intervene as holders of record title to the described property, claiming to be bona fide purchasers for value of the property by contract executed and delivered prior to the filing of the notice of lis pendens. On March 15, 1962, an order was entered based upon a stipulation which provided, among other things, that:
"* * * [U]pon the deposit with the Clerk of this Court of the reasonable value of said lot, the same being $3,500.00, the plaintiff waives and relinguishes all objection to its claims against said property pursuant to its complaint and notice of lis pendens filed herein and agrees to the transfer of said claims against said $3,500.00 deposit."
On this stipulation an order was entered on March 15, 1962, which reads in part as follows:
"* * * [A]ll right, title, claim or interest of the plaintiffs in or against the following described property situate in Manatee County, Florida, to-wit:
* * * * * *
shall then be transferred to and against said deposit to the same effect as such rights, title, claims or interest may now exist in or against the above described property by virtue of this action and the Complaint and Notice of Lis Pendens filed herein and the Lis Pendens filed herein is hereby released and discharged as to said property above and herein described."
On June 8, 1962, the appellants herein filed their motion and suggestion that more than one year had expired since the notice of lis pendens was filed and that, therefore, the court should strike the described lot from the notice of lis pendens, or, in lieu thereof, cancel and suspend said notice of lis pendens and direct the clerk to refund appellants the $3,500.00 deposit. On July 23, 1962, the lower court entered its order granting appellants' petition to intervene, but denying appellants' motion for termination of notice of lis pendens or refund of the appellants' $3,500.00. This interlocutory appeal followed.
The giving of notice in order to claim a lis pendens is purely statutory in *359 the State of Florida. Sec. 47.49(2) of the Florida Statutes, F.S.A., provides:
"No notice of lis pendens shall extend or be effectual for any purpose beyond the period of one year from the institution of the proceeding unless the relief sought is disclosed by the initial pleading of the plaintiff to be founded upon an instrument of writing properly of record, or upon a materialman's or mechanic's lien claimed against the property involved in such suit; unless the judge of the court in which the said proceeding is pending shall upon reasonable notice and for good cause shown extend the time. And the said judge may impose such terms for the extension of said time as justice may require."
Neither party has cited a Florida case interpreting this statute insofar as the precise question is concerned, nor have we, through independent research, found one.
The term lis pendens literally implies a pending suit and the doctrine of lis pendens is the jurisdiction, power or control which courts acquire of property involved in a suit pending the continuance of the action and until final judgment therein. Sec. 47.49(1), Fla. Stat., F.S.A., provides that no proceeding shall operate as a lis pendens as to any property, real or personal, involved therein or to be affected thereby until a notice of the institution of such proceedings has been filed and recorded. This notice must contain the names of the parties, the time of the institution of the proceeding, the name of the court in which it is pending, a description of the property involved or to be affected, and a statement of the relief sought as to such property. Filing is required to be made in the office of the clerk of the circuit court of the county where the property is situated. Thus, it is seen that the statute, which does not attempt to define the scope of the notice of lis pendens, is not restricted to actions in which the title to real property or some interest therein is involved, but it applies to both real and personal property. De Pass v. Chitty, 1925, 90 Fla. 77, 105 So. 148. See also Riesen v. Maryland Casualty Co., 1943, 153 Fla. 205, 14 So.2d 197.
It is likewise a general rule that lis pendens is notice of all facts apparent on the face of the pleadings and such other facts as the pleadings would necessarily put the purchaser on inquiry. De Pass v. Chitty, supra. Lis pendens does not affect property not embraced within the description of the pleadings and neither does it extend beyond the prayer for relief. De Pass v. Chitty, supra, and Haines City Citrus Growers Ass'n v. Petteway, 1932, 107 Fla. 344, 145 So. 183.
It is apparent from the clear language of the statute that the purpose of the one year limitation feature thereof is to prevent restriction for unreasonable lengths of time of property subject to notice of lis pendens. Therefore, by the terms of Sec. 47.49(2), supra, the only two situations which will extend a notice of lis pendens beyond one year from the institution of the proceeding are, 1) where the relief sought is disclosed by plaintiff's initial pleading to be founded upon an instrument of writing properly of record, or upon a materialman's or mechanic's lien claimed against the property involved in the suit, or, 2) where the judge has, upon reasonable notice and good cause shown, extended such time.
Neither of these factors appear, from the record, to be here involved. Clearly, the order of March 15, 1962, quoted supra, simply transferred to the deposit the claim of the notice of lis pendens originally filed against the real property. It is our opinion then that the chancellor erred in failing to discharge the lis pendens as to appellants' property and refund their deposit, more than one year having elapsed since filing of the notice.
Reversed and remanded.
ALLEN and WHITE, JJ., concur.