**BEEFY KING INTERNATIONAL, INC. and IEA Corporation, Plaintiffs-Appellants,**

v.

**Francis T. VEIGLE et al., Defendants-Appellees.**

No. 71–3475.

United States Court of Appeals, Fifth Circuit.

July 27, 1972.

Lloyd Herold, North Palm Beach, Fla., for plaintiffs-appellants.

William S. Blalock Orlando, Fla., for defendants-appellees.

Before TUTTLE, MORGAN and RO-NEY, Circuit Judges.

PER CURIAM:

The order of the district court releasing certain real property from coverage of the lis pendens filed in this case is affirmed.

A lengthy complaint containing twelve counts charges the defendants as former directors, principal officers and stockholders of a Delaware corporation and its wholly-owned Florida subsidiary, both known as Beefy King International, Inc., with mismanagement, breach of fiduciary duty, and improper use of corporate assets for their own selfish purposes, and that as a result the defendants own or have an interest in certain specifically described real property. A lis pendens was filed describing that property. The district judge, after a hearing, released the property from the lis pendens, finding "that the suit does not directly affect said real property."

Three questions are raised on plaintiffs' appeal: (1) whether the district court's order is appealable; (2) whether the district court was correct in allowing an evidentiary hearing on the

motion to discharge the lis pendens; and (3) whether the lis pendens was properly discharged.

■ (1) As to appealability, we think that the case should be treated in the same manner as a denial, dissolution, or modification of an injunction, all of which are appealable. Florida Statutes § 48.23(3), F.S.A.; 28 U.S.C. § 1292(a) (1); Suess v. Stapp, 407 F.2d 662 (7th Cir. 1969).

■ (2) As to the propriety of the district court's holding an evidentiary hearing on the motion to discharge the lis pendens, we rely on Florida law. Florida Statutes § 48.23(3), F.S.A. provides:

> When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.

The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation. Allstate Finance Corp. v. Zimmerman, 272 F.2d 323 (5th Cir. 1959). The effect of a lis pendens on the owner of property, however, is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit. Thus the Florida statute provides that the court may control the lis pendens as if it were an injunction unless the pleading shows "that the action is founded on a duly recorded instrument, or on a mechanic's lien," which was not the case here. Since the statute must mean that the court may discharge a notice of lis pendens in the same manner that it dissolves injunctions, it was not improper for the district court to hold a hearing and receive evidence on the motion to discharge. See Clark v. Kreidt, 145 Fla.

1, 199 So. 333 (1940) (En banc); Florida Rules of Civil Procedure, Rule 1.610, 31 F.S.A.; Federal Rules of Civil Procedure, Rule 65.

■ (3) Appellant's third point raises the question of the propriety of the discharge of the lis pendens. Since the Florida law provides that the trial court should control and discharge the lis pendens as if it were an injunction, the standard for review here is the same as if we were reviewing a dissolution of an injunction. We should reverse the action of the trial court only for a manifest abuse of discretion. As the Florida Supreme Court said in Clark v. Kreidt, *supra*, at 335:

> "The granting or the withholding of a restraining order or injunction rests in the sound discretion of the Chancellor. It is true a Chancellor has broad judicial discretion in granting, denying, dissolving or modifying injunctions and where the evidence taken by the court in person is sufficient to warrant the action of the Chancellor, the appellate court will not interfere where no abuse of discretion appears."

■■ We find no such abuse of discretion. The court determined that the suit does not directly affect the real property. A thorough reading of the complaint, review of the evidence, and study of the brief and supplemental brief of the appellants do not convince us otherwise. Assuming the solvency of the defendants, it appears clear that the plaintiffs can be afforded complete relief on any claim that they make in this lawsuit without reference to the title to the real property covered by the lis pendens. Under the Florida cases a lis pendens is proper only when the required relief might specifically affect the property in question. De Pass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Green v. Roth, 192 So.2d 537 (Fla.App.1966). There is no other justification for burdening the alienability of the property pending the outcome of the lawsuit.

Affirmed.