290 So.2d 539 (1974)
COMMODORE PLAZA AT CENTURY 21 CONDOMINIUM ASSOCIATION, INC., a Florida Corporation, Not for Profit, Appellant,
v.
CENTURY 21 COMMODORE PLAZA INC., a Florida Corporation, Appellee.
Nos. 73-765, 73-835.
District Court of Appeal of Florida, Third District.
February 12, 1974.
Rehearing Denied March 6, 1974.
Joseph S. Paglino, North Miami Beach, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman; Wicker, Smith, Pyszka, Blomqvist & Davant, Miami, for appellee.
Before CARROLL, HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
We have consolidated two interlocutory appeals by the defendant condominium association from separate orders by the trial court, one granting plaintiff's motion to dissolve a notice of lis pendens and the other granting plaintiff's motion to sever the equitable issues from the legal issues. We affirm both orders.
This action results from a complaint filed by the plaintiff, the builder-developer of the condominium, seeking to declare an assessment levied by the association as illegal and void. In addition, plaintiff seeks temporary and permanent injunctive relief from liens filed in the public records by the association against certain units owned by plaintiff as a result of nonpayment of *540 the disputed assessment. Plaintiff also seeks to have these liens dissolved and seeks over $500,000 in compensatory and punitive damages.
The trial court subsequently granted plaintiff a temporary injunction noting that irreparable harm might result if relief were not granted. The injunction enjoined defendant from placing any further liens upon units held by the plaintiff or from attempting to enforce or foreclose upon any liens already filed.
Thereafter, the plaintiff discovered that a notice of lis pendens had been filed by the defendant, and plaintiff moved the court to dissolve the notice. The court granted the motion. In so doing, the court also ordered that with respect to any of the liened units sold after the date of the court's order, the plaintiff would be required to place in escrow from the proceeds an amount equivalent to the lien upon the unit, or to post a bond acceptable to the court. This was intended to protect subsequent purchasers from the encumbrance created by the lien.
In our view, the court's action was consistent with the statutory authority accorded by Fla. Stat. § 48.23(3), F.S.A.,[1] to control and discharge the notice of lis pendens. The initial pleading demonstrates that this action is not "founded on a duly recorded instrument," i.e., the liens filed by defendant, but is based upon the validity of the assessment levied by the association. Moreover, the court's order provides for sufficient protection for prospective purchasers, a primary purpose for the notice of lis pendens. See 54 C.J.S. Lis Pendens § 22; 21 Fla.Jur. Lis Pendens § 3.
Turning to the trial judge's second order, granting plaintiff's motion to sever, we express the view that the appellant has not demonstrated an abuse of discretion by the court in severing the equitable issues for non-jury trial. See Florida R.C.P. 1.270(b), 30 F.S.A.; Watts v. Mantooth, Fla.App. 1967, 196 So.2d 230. The complaint in this cause seeks declaratory and injunctive relief with regard to the validity of the special assessment levied by the association, issues which are equitable in nature and should be resolved prior to a jury trial of the legal issues raised in the complaint. Southwestern Life Insurance Co. v. Gerson, Fla.App. 1966, 187 So.2d 63; Adams v. Citizens Bank of Brevard, Fla. App. 1971, 248 So.2d 682; see also, Fla. Stat. § 86.071, F.S.A.[2]
Therefore, for the reasons stated and upon the authorites cited, the orders appealed are affirmed.
Affirmed.
NOTES
[1] Fla. Stat. § 48.23(3), F.S.A. provides:

"(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions.
[2] Fla. Stat. § 86.071, F.S.A., pertaining to declaratory judgments, reads as follows:

"When an action under this chapter concerns the determination of an issue of fact, the issue may be tried as issues of fact are tried in other civil actions in the court in which the proceeding is pending. To settle questions of fact necessary to be determined before judgment can be rendered, the court may direct their submission to a jury. When a declaration of right or the granting of further relief based thereon concerns the determination of issues of fact triable by a jury, the issues may be submitted to a jury in the form of interrogatories, with proper instructions by the court, whether a general verdict is required or not. Neither this section nor any other section of this chapter shall be construed as requiring a jury to determine issues of fact in chancery actions."