305 So.2d 271 (1974)
WORLDWIDE DEVELOPMENT-KENDALE LAKES WEST, Appellant,
v.
LOT HEADQUARTERS, INC., Appellee.
No. 74-1104.
District Court of Appeal of Florida, Third District.
December 31, 1974.
Paul, Landy & Beiley and James F. Gilbride, Miami, for appellant.
Turner & Shapiro and Alan H. Rothstein, Miami, for appellee.
Before HENDRY, HAVERFIELD and NATHAN, JJ.
NATHAN, Judge.
This is an interlocutory appeal by the defendant, Worldwide Development-Kendale Lakes West, challenging the trial court's denial of a motion to remove a notice of lis pendens.
The action arose when the plaintiff, Lot Headquarters, Inc., a real estate broker, filed its complaint to impose an equitable lien on certain real property for broker's commission, against the defendant, the purchaser of the property. The plaintiff filed a notice of lis pendens on the property on which it seeks commission. The defendant moved the court to remove the notice of lis pendens. The motion was denied and this interlocutory appeal ensued.
*272 The plaintiff-appellee argues that under the circumstances of this case, the lis pendens was properly imposed upon the subject property, the motion to remove it was properly denied and it should remain of record as it is the only way to protect the plaintiff's interest. The plaintiff points out that all of the principals of the defendant corporation are citizens of South American countries and the defendant has no assets in Florida other than the subject property.
On the authority of § 475.42(1)(j), Fla. Stat., which states in pertinent part that
"No real estate broker or salesman shall place, or cause to be placed, upon the public records of any county, any contract, assignment, deed, will, mortgage, lien, affidavit, or other writing which purports to affect the title of, or encumber, any real property ... for the purpose of collecting a commission, or to coerce the payment of money to the broker or salesman or other person, ..."
and on the authority of § 48.23(3), Fla. Stat., which states that
"(3) When the initial pleading does not show that the action is founded on a duly recorded instrument, or on a mechanic's lien, the court may control and discharge the notice of lis pendens as the court may grant and dissolve injunctions."
we are of the opinion that the plaintiff-broker is not entitled to have the lis pendens so imposed on the defendant-purchaser's property. See also Commodore Plaza at Century 21 Condominium Association, Inc. v. Century 21 Commodore Plaza, Inc., Fla.App. 1974, 290 So.2d 539, and see Beefy King International, Inc. v. Veigle, 5th Cir.1972, 464 F.2d 1102, 1104, wherein discharge of a lis pendens was held to be proper because under Florida law, a lis pendens is proper only when the required relief might specifically affect the property in question. There is no other justification for burdening the alienability of property pending the outcome of a lawsuit.
The plaintiff's initial pleading does not show that the action is founded on a duly recorded instrument or a mechanic's lien, and the trial court has demonstrated reversible error in denying the motion to remove same. Since the lis pendens is governed by statute in Florida, the plaintiff's allegations that the defendant has no other property or assets in Florida, and that all principals of the defendant are citizens of South American countries, does not constitute a sufficient basis to sustain the placing of the notice of lis pendens on the subject property.
For the reasons stated, the order appealed is reversed, and this cause hereby is remanded to the trial court with directions to remove the notice of lis pendens.
Reversed and remanded.