CORAL ISLE WEST ASSOCIATION,
INC., et al., Plaintiffs,

v.

CINDY REALTY, INC., etc., et
al., Defendants.

No. 76–445–Civ–CA.

United States District Court,
S. D. Florida.

Jan. 19, 1977.

10. No relief is granted against the Board of Regents and summary judgment is hereby entered in favor of that defendant.

Becker & Poliakoff, P. A., Ft. Lauderdale, Fla., for plaintiffs.

Snyder, Young, Stern, Barrett & Tannenbaum, P. A., N. Miami Beach, Fla., for defendants.

### ORDER GRANTING DEFENDANTS' MOTION TO DISCHARGE LIS PENDENS

ATKINS, District Judge.

This matter is before the Court on defendants' motion to discharge the notice of lis pendens. Upon reviewing memoranda of counsel and the relevant authorities, it is hereby ORDERED AND ADJUDGED that defendants' motion to discharge the notice to lis pendens is GRANTED.

This is an action for treble damages and injunctive relief brought under Section 4 of the Clayton Act, 15 U.S.C. § 15, and § 1 of the Sherman Act, 15 U.S.C. § 1. The gravamen of the complaint is that the defendants unlawfully obligated plaintiffs to a 99-year recreation lease, which is binding upon all successors in title to the individual condominium apartments.

Upon filing the complaint, the plaintiffs also filed a notice of lis pendens against the entire condominium complex. Defendants now move for a Court Order discharging the lis pendens.

 The law is well-settled that lis pendens is notice of all facts apparent on the face of the pleadings and such other facts as would put the purchaser on inquiry. *De Pass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925). Furthermore, Fla.Stat. 48.23, the statute governing the effect and procedure of filing a notice of lis pendens, is not restricted to actions in which the title to real property or some interest therein is involved, but it applies to both real and personal property. *Marchand v. De Soto Mortgage Co.*, 149 So.2d 357 (Fla.1963). It follows, then, that in the instant proceedings the disputed leasehold may be the basis for the issuance of a notice of lis pendens.

The problem, however, focuses on what property is affected by the leasehold agreement. The plaintiff contends that the dispute over the leasehold embraces the entire condominium complex, i. e., all the units and the common areas. The defendant asserts that the leasehold is personalty and in no way affects any portion of the complex.

~ There are only a few Florida cases which help shed light on this problem. The most helpful decision interpreting the applicable statute is *Beefy King Int'l v. Veigle*, 464 F.2d 1102 (5th Cir. 1972). There, the Fifth Circuit, in affirming the lower Court's order

discharging the notice of lis pendens, noted that:

> The purpose of a lis pendens is to notify prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court. It is simply a notice of pending litigation. *Allstate Finance Corp. v. Zimmerman*, 272 F.2d 323 (5th Cir. 1959). The effect of a lis pendens on the owner of property, however, is constraining. For all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit. Thus the Florida statute provides that the court may control the lis pendens as if it were an injunction unless the pleading shows "that the action is founded on a duly recorded instrument, or on a mechanic's lien," which was not the case here. Since the statute must mean that the court may discharge a notice of lis pendens in the same manner that it dissolves injunctions, it was not improper for the district court to hold a hearing and receive evidence on the motion to discharge. See *Clark v. Kreidt*, 145 Fla. 1, 199 So. 333 (1940) (En banc); Florida Rules of Civil Procedure, Rule 1.610, 31 F.S.A.; Federal Rules of Civil Procedure, Rule 65.

The Court further pointed out that:

> We find no such abuse of discretion. The court determined that the suit does not directly affect the real property. A thorough reading of the complaint, review of the evidence, and study of the brief and supplemental brief of the appellants do not convince us otherwise. Assuming the solvency of the defendants, it appears clear that the plaintiffs can be afforded complete relief on any claim that they make in this lawsuit without reference to the title to the real property

covered by the lis pendens. Under the Florida cases a lis pendens is proper only when the required relief might specifically affect the property in question. *De Pass v. Chitty*, 90 Fla. 77, 105 So. 148 (1925); *Green v. Roth*, 192 So.2d 537 (Fla. App.1966). There is no other justification for burdening the alienability of the property pending the outcome of the lawsuit. (Emphasis added.)

*Accord, Worldwide Development-Kendale Lakes West v. Lot Headquarters*, 305 So.2d 271 (3d D.C.A., Fla.1974); *Commodore Plaza at Century 21 Condominium Ass'n. Inc. v. Century 21 Commodore Plaza, Inc.*, 290 So.2d 539 (3d D.C.A., Fla.1974).

In the instant proceedings, the complaint, in Paragraph 7, avers that:

> "7) Association is the lessee under the subject Ninety-Nine Year Lease. Each unit owner, simultaneous with his purchase of a unit at the Coral Isle West Condominium, is required to enter into a Pledge Agreement, agreeing to be bound by the Ninety-Nine Year Lease, having the effect of in fact then being sub-lessee. Said lease provides for a lien which may be enforced against an individual apartment unit in case the owner of said apartment defaults in payment of the rent prescribed by the lease, as well as a lien upon the assets and common surplus of the Association, said lien being a first lien paramount and superior to all others upon any right, title, and interest of the Lessees in and to the lease and the demised premises therein. The provisions of the lease are made binding on all successors in title to the individual condominium apartments, and the lien provisions constitute a covenant running with land, even if the condominium itself is terminated." (Emphasis added.)

We can throw light upon the issue before us by analogizing the interests subsisting under a leasehold agreement with those under a mortgage.[1] In their com-

---

1. This analogy is proper. There is no question of the propriety of filing a notice of lis pendens concurrent with the commencement of a mortgage foreclosure proceeding. Yet a mortgagee's interest in the affected realty is merely that of a lienor. *American Freehold Land & Mortg. Co. v. Maxwell*, 39 Fla. 489, 22 So. 751 (1897) (holding that Florida is a "lien" theory, and not a "title" theory, state). Accordingly, a mortgagee has no proprietary interest or estate

plaint, plaintiffs allege that the failure to comply with the terms of the leasehold operates to create a "lien which may be enforced against the *individual apartment units*." (Emphasis added.) As discussed in note 1, *supra*, a mortgage interest likewise creates a lien on the property which secures the promissory note. Plaintiffs' reasoning, if applied to a default situation during mortgage foreclosure proceedings, would lead one to conclude that a mortgagee of "one individual apartment unit" may file a complaint and lis pendens against the condominium complex in the aggregate, that is, against all the units and the common areas.

 This analogy assists the Court in piercing the veneer of reasonableness that disguises the fallacy of plaintiffs' reasoning. Verily, our hypothetical mortgagee would be entitled to file a complaint and lis pendens against an "individual apartment unit" when attempting to enforce his security; he would not be permitted to bind, via a lis pendens, the entire complex. This is the precise policy justification underlying the principle that a lis pendens neither affects property not embraced within the description of the pleadings nor does its operation extend beyond the prayer for relief. *De Pass v. Chitty, supra.* If the rule were otherwise, an overbroad description in the notice of lis pendens would, in effect, encumber more security than the lien embraces, and as such would unnecessarily deprive the owners of such financial benefits as selling unencumbered property or mortgaging out their equity. See *Beefy King Int'l. v. Veigle*, 464 F.2d 1102 (5th Cir. 1972).

In the instant case, the property description in the plaintiffs' lis pendens is so broad as to encompass all condominium units and common areas. This, to be sure, exceeds the property which might be affected if plaintiffs were to succeed in this lawsuit.

Admittedly (as plaintiffs urge) prospective purchasers and lessees should be notified of the pending suit. Nevertheless, a judgment in this action can only be binding

upon actual class members. Hence, if plaintiffs are concerned about notice, the plaintiffs should file a lis pendens against their units and those of actual class members. (The Association has been dropped as a party to this litigation.) The "notice" policy underlying the doctrine of lis pendens can thereby be effectuated without emasculating the countervailing policy of protecting the owners' property interest against an overbroad notice of lis pendens. To be sure these seemingly conflicting interests can be harmonized by plaintiffs' filing of notices of lis pendens against units of class members, and not against the condominium in the aggregate.

Accordingly, it is hereby ORDERED & ADJUDGED that the notice of lis pendens is discharged. The Court is mindful of plaintiffs' concern to notify prospective purchasers and lessees of affected condominium units of the pending proceedings. Plaintiffs may therefore file notices of lis pendens against their units as well as those of actual class members.

---

in the mortgaged lands, by virtue of his mortgage lien, but is merely the owner of a chose in

action—a personal property interest—creating a lien against the realty.