373 So.2d 438 (1979)
SUNRISE POINT, INC., a Florida Corporation, Philip J. Scutieri, Jr., and Central Bank and Trust Company, As Trustee, Petitioners,
v.
George B. FOSS, Jr., Respondent.
Nos. 78-2377, 78-2378.
District Court of Appeal of Florida, Third District.
July 31, 1979.
*439 Sparber, Shevin, Rosen, Shapo & Heilbronner and Ronald A. Shapo, Miami, for petitioners.
George B. Foss, Jr., Miami, in pro. per.
Spence, Payne, Masington & Grossman, Miami, for respondent.
Before PEARSON, HENDRY and SCHWARTZ, JJ.
SCHWARTZ, Judge.
The defendants seek review, by petition for writ of certiorari, of an order which, with immaterial exceptions, denied their motion to set aside and discharge a lis pendens filed by the plaintiff-respondent against an entire condominium project in Dade County. We grant the petition.
Except as to two particular condominium units in which the parties' interests were directly in issue, the complaint sought only money damages and relief in the nature of a creditor's bill or prejudgment attachment. It did not allege a direct claim  cognizable under the law  against or upon the remaining property burdened by the lis pendens. Hence, except as to those two units, no lis pendens may be asserted under any conditions against the realty involved in this case. DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Hallmark Manufacturing, Inc. v. Lujack Construction Co., Inc., 372 So.2d 52 (Fla. 4th DCA 1979); Worldwide Development-Kendale Lakes West v. Lot Headquarters, Inc., 305 So.2d 271 (Fla. 3d DCA 1974); Beefy King International, Inc. v. Veigle, 464 F.2d 1102 (5th Cir.1972).
Even as to the specific units referred to, the lis pendens may be permitted to remain in effect only upon the plaintiff's posting of an appropriate bond. Since, even concerning those units, the plaintiff's action was not based upon a "duly recorded instrument or ... mechanic's lien," Section 48.23(3), Florida Statutes (1975) provides that the rules relating to the issuance of injunctions directly apply. In this instance those standards include the requirement of such a bond. See e.g., Leopold v. Richard Bertram & Co., 265 So.2d 710 (Fla. 3d DCA 1972).[1]
Accordingly, the order of December 8, 1978 under review, which constitutes a departure from the essential requirements of the law in these respects, Hallmark Manufacturing, Inc. v. Lujack Construction Co., supra, is quashed and the cause remanded for further proceedings consistent with the views expressed herein.
Certiorari granted.
NOTES
[1] Because our rulings in this case are based solely on the sufficiency of the applicable pleadings, we have no occasion to consider the procedural posture in which the legal issues were presented below. Specifically, we need not determine whether we agree with the second district's conclusion in Kirk v. Baumann, 336 So.2d 125 (Fla. 2d DCA 1976) that under Sec. 48.23(3), Fla. Stat. (1975), a notice of lis pendens may not be filed in an action not based upon a duly recorded instrument or a mechanic's lien, without a prior order of court. See Musselwhite v. Raimey, 348 So.2d 330 (Fla. 1st DCA 1977); cf. Hallmark Manufacturing, Inc. v. Lujack Construction Co., supra, at n. 2. But see our later decision in Dominguez v. Lopez, 346 So.2d 627 (Fla. 3d DCA 1977), holding that the party filing such a lis pendens is entitled to be heard and to present testimony before the lis pendens in discharged upon the defendant's motion to set it aside.