430 So.2d 531 (1983)
Anthony L. TORTU, Petitioner,
v.
Marie TORTU, Respondent.
Nos. 82-1834, 82-1894.
District Court of Appeal of Florida, Fourth District.
April 27, 1983.
Jay M. Levy of Silver, Levy and Hershoff, Miami, for petitioner.
Morris S. Finkel of Abrams & Finkel, Fort Lauderdale, for respondent.
PER CURIAM.
By petition for writ of certiorari we are asked to review an order which denied a motion to discharge a notice of lis pendens. We grant the petition and quash the order.
Respondent, former-wife, obtained a New Jersey money judgment against the petitioner, former-husband, in the sum of $41,391.78. Thereafter, she filed a complaint to reduce the New Jersey judgment to a Florida judgment. At the same time, she filed a notice of lis pendens indicating an intent to impose a lien on her former-husband's property in Broward County. The trial court denied a motion to discharge the notice of lis pendens and thus the instant petition.
At the outset, we note that a petition for writ of certiorari is the appropriate procedural vehicle to test the denial of a motion to discharge a notice of lis pendens. See Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980); Hallmark Manufacturing, Inc. v. Lujack Construction Co., 372 So.2d 520 (Fla. 4th DCA 1979); see also Cacaro v. Swan, 394 So.2d 538 (Fla. 4th DCA), petition for review dismissed, 402 So.2d 608 (Fla. 1981).
*532 Turning to the merits, it is axiomatic that "[a] complaint which will not support a claim against the specific property at issue cannot provide a basis for tying it up by a filing of notice of lis pendens." Lake Placid Holding Co. v. Paparone, 414 So.2d 564, 566 (Fla. 2d DCA 1982) (citing Judge Grimes' dissenting opinion in Wiggins v. Dojcsan, 411 So.2d 894 (Fla. 2d DCA 1982)). The complaint in the case before us seeks to enroll a foreign judgment which, in turn, awards money damages. It does not allege a direct claim  cognizable under the law  against or upon the former-husband's property which is burdened by the lis pendens. Consequently, the trial court erred in failing to discharge the notice of lis pendens. See DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA), cert. denied, 374 So.2d 99 (Fla. 1979).
Accordingly, the order under review which constitutes a departure from the essential requirements of law, is quashed and the cause is remanded for further proceedings consistent with this opinion.
Certiorari granted.
GLICKSTEIN, HURLEY and WALDEN, JJ., concur.