FRANK, Judge.
The appellants, who were the defendants in a foreclosure action, appeal from an order denying their motion to dismiss an amended claim in which their former attorneys seek the imposition of an equitable lien to secure their fees. They also appeal from that portion of the order denying their motion to strike a notice of lis pen-dens.
This is not a proper interlocutory appeal. The challenged order does not fall within Rule 9.130(a)(3)(C)(iv) of the Florida Rules of Appellate Procedure. The order does not determine “the issue of liability in favor of a party seeking affirmative relief.” That part of the order, however, which continued a notice of lis pendens in effect is reviewable by certiorari. Tortu v. Tortu, 430 So.2d 531 (Fla. 4th DCA 1983); Cooper Village, Inc. v. Moretti, 383 So.2d 705 (Fla. 4th DCA 1980). We treat this matter as if it were before us on a petition for writ of certiorari.
We consider first the trial judge’s order denying the motion to dismiss the amended claim for equitable lien. We find no depar *629 ture from the essential requirements of law in the denial of the motion to dismiss.
The order continuing the lis pendens presents a different picture. We have determined that in this aspect of the case the trial judge departed from the essential requirements of law. The record is barren of any fact upon which to support a claim against the specific property affected by the lis pendens. Absent any connection between the claim and the property, the notice of lis pendens cannot stand. Tortu v. Tortu; Lake Placid Holding Co. v. Paparone, 414 So.2d 564 (Fla. 2d DCA 1982); Sunrise Point, Inc. v. Foss, 373 So.2d 438 (Fla. 3d DCA 1979).
Accordingly, we grant certiorari, affirm in part and reverse in part, and direct the trial court to enter an order discharging the notice of lis pendens.
GRIMES, A.C.J., and SCHOONOVER, J„ concur.