## GRITZ v J. M. ASSOCIATES, INC., etc.

Case No. 85-4298-CA (L) D

County Court, Palm Beach County

July 18, 1985

### APPEARANCES OF COUNSEL

**Elliot R. Brooks** for plaintiff.
**John G. White, III** for defendant.

### OPINION OF THE COURT

ROBERT M. GROSS, County Judge.

### ORDER DENYING PLAINTIFF'S APPLICATION FOR LIS PENDENS

Plaintiff/buyer, and Defendant/seller entered into a contract for sale and purchase of a condominium unit. By a two count Amended Complaint, Plaintiff has sued Defendant seeking to recover a deposit made toward the purchase of the unit. Count I alleges a breach of contract, in that Defendant failed to return a security deposit as agreed, upon the failure of a condition precedent contained in the contract. Pled alternatively, Count II seeks rescission of the contract for sale. As a remedy, both counts seek return of the security deposit, attorney's fees and interest.

Plaintiff has moved this Court for leave to file a *lis pendens* against

the condominium unit. The condominium unit is now owned by Defendant, but by one Mary Maguire, who is not a party to this lawsuit. A warranty deed with Maguire's name as grantee predates the contract in this case between Plaintiff and Defendant. There is some evidence that Maguire had agreed at some point to convey the unit to Defendant's president. Because of his concern that Defendant is merely a shell corporation, Plaintiff seeks leave to file a *lis pendens* to make this lawsuit meaningful.

Filing of notice of *lis pendens* is proper when the underlying complaint alleges a direct and legally cognizable claim against the property to be burdened by the notice. *Tortu v. Tortu*, 430 So.2d 531 (Fla. 4th DCA 1983); *Sunrise Point, Inc. v. Foss*, 373 So.2d 438 (Fla. 3d DCA 1979), *cert. den.* 374 So.2d 99 (Fla. 1979); *Powerline Development Corp. v. Assor*, 458 So.2d 305 (Fla. 3d DCA 1984); *see, Lake Placid Holding Company v. Paparone*, 414 So.2d 564, 566 (Fla. 2d DCA 1982). The causes of action alleged in this case are not direct claims against the condominium unit. Plaintiff is seeking only money damages. If Plaintiff prevails on either theory stated in the complaint, neither title to the property nor its marketability will necessarily be affected. Plaintiff's desire to ensure the collectability of his claim does not legally justify the placing of a notice of *lis pendens* on the property. *Worldwide Development-Kendale Lakes West v. Lot Headquarters, Inc.*, 305 So.2d 271, 272 (Fla. 3d DCA 1974). Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's *Application for Lis Pendens* is hereby denied.