512 So.2d 954 (1987)
Bill JAMES, State Attorney of the Thirteenth Judicial Circuit of the State of Florida, Appellant,
v.
Tom WOLFE a/k/a Bob Adams and Lynne E. Wolfe, Appellees.
Nos. 86-3007, 86-3215.
District Court of Appeal of Florida, Second District.
June 3, 1987.
Rehearing Denied June 29, 1987.
Bill James, State Atty., and James M. Barton, II, Asst. State Atty., Tampa, for appellant.
Wayne L. Thomas and William L. Grossenbacher of McKay & Thomas, P.A., Tampa, for appellees.
PER CURIAM.
The state attorney appeals a nonfinal order which dissolved a notice of lis pendens in a civil forfeiture action brought pursuant to Florida's RICO Act, chapter 895, Florida Statutes (1985), and returned the personal property to appellees, its owners.
We find no merit in the state attorney's first point relating to the trial court's jurisdiction to enter the order dissolving the notice of lis pendens.
The state attorney next contends that the trial court erred in dissolving the notice of lis pendens. The dissolution or continuance of a notice of lis pendens is only reviewable by writ of certiorari. Bay Place Development Corp. v. Ellis First National Bank of West Pasco, N.A., 465 So.2d 628 (Fla.2d DCA 1985); Hallmark Builders, Inc. v. Hickory Lanes of Brandon, Inc., 458 So.2d 45 (Fla. 2d DCA 1984). Therefore, we treat this appeal as a petition for writ of certiorari, and deny the petition. The state attorney has failed to demonstrate *955 that the trial court's order dissolving the notice of lis pendens was a departure from the essential requirements of law.
FRANK, A.C.J., and SANDERLIN and THREADGILL, JJ., concur.