DAUKSCH, Judge.
Petitioners contend that the trial court departed from the essential requirements of law in refusing to strike or dissolve a lis pendens filed in a declaratory judgment and quiet title action. We agree and quash the order.
This case involves a dispute regarding the ownership of certain oceanfront property. Respondents claim that they purchased several lots on Anastasia Island which are described in their deeds, or the subdivision plats, as oceanfront property. However, sometime after 1964 a strip of land along the Atlantic was created by accretion. Some of that land lies east of Respondents’ lots, while other sections are adjacent to property owned by unnamed parties. Petitioners or their successors acquired that strip of land pursuant to a tax deed. Respondents filed suit to obtain a declaratory judgment as to their ownership of the allu-vion or accreted property claimed by Petitioners. Respondents also filed a lis pen-dens which described all of the strip of oceanfront land obtained by Petitioners, including the property which is not adjacent to Respondents’ lots and is not, in fact, claimed by Respondents. Petitioners filed a Motion to Strike or Dissolve the Lis Pen-dens as far as it described property not claimed by the Respondents, but the trial court denied the motion, noting that the tax deed which was the root of Petitioners’ title involved all of the Petitioners’ land.
The trial court missed the point. A lis pendens guarantees the court’s jurisdiction and power over property which is the subject of litigation and prevents a party to the suit from withdrawing or alienating that property during the litigation so as to destroy the court’s ability to act. See Intermediary Finance Corp. v. McKay, 93 Fla. 101, 111 So. 531 (1927); DePass v. Chitty, 90 Fla. 77, 105 So. 148 (1925). If a complaint will not support a claim against the property described in the lis pendens, there is no justification for tying up that property until the litigation is terminated. See, e.g., Coral Isle West Association, Inc. v. Cindy Realty, Inc., 430 F.Supp. 396 (S.D.Fla.1977); Tortu v. Tortu, 430 So.2d *742 531 (Fla. 4th DCA 1983); Dunn v. Stack, 394 So.2d 1076 (Fla. 1st DCA 1981).
Respondents make no claim to Petitioners’ property which is not contiguous to Respondents’ lots, so this litigation could not result in a judgment which would award that undisputed land to Respondents. There is no justification for interfering with Petitioners’ right to transfer that land. In fact, Respondents have no standing to dispute the title to property which they themselves do not claim since this is not a class action nor do Respondents claim to be acting as trustees for unnamed parties.
The filing of a notice of lis pendens describing land not claimed by Respondents in the complaint was improper and the trial court departed from the essential requirements of law in refusing to strike or dissolve the .portions of the lis pendens describing property to which respondents make no claim. The Petition for Writ of Certiorari is granted and the order denying the Motion to Strike or Dissolve is quashed. The case is remanded for further proceedings.
PETITION GRANTED; ORDER QUASHED.
W. SHARP and COWART, JJ., concur.