**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12726

Non-Argument Calendar

_____

JAMES GIEHL,

*Plaintiff-Appellant,*

*versus*

OCWEN FINANCIAL CORPORATION,

SHELLPOINT MORTGAGE SERVICES,

NEW PENN FINANCIAL,

NEWREZ,

PHH MORTGAGE,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:23-cv-00676-WFJ-CPT

_____

Before LUCK, LAGOA, and TJOFLAT, Circuit Judges.

PER CURIAM:

James Giehl appeals the District Court's dismissal of his claims and dissolution of his lis pendens. We vacate and remand with instructions to dismiss.

## I.

In 2014, the Sienna Condominium Association filed an action in the Twelfth Judicial Circuit Court of Florida to foreclose its junior lien for unpaid assessments on a property in Sarasota, Florida. Giehl was the successful bidder at the foreclosure auction and took title to the property, subject to any priority liens.

In 2015, Bank of America filed a complaint, again in Florida state court, against the mortgagor and then–record title owner of the property to foreclose the priority mortgage it held on the property. Giehl was served notice of the 2015 action and later moved for dismissal and summary judgment, claiming that the foreclosure lacked merit because the property had already been foreclosed and sold to him in 2014. His motion was denied. Giehl was later defaulted in the action, and the court entered final judgment in favor of Bank of America in 2019. Bank of America was the highest bidder at the subsequent foreclosure sale.

Giehl filed multiple motions in state court to enjoin the sale, and the court denied each. Giehl also appealed the 2019 judgment to the Florida Second District Court of Appeal, which affirmed

with a PCA.[1] Giehl separately filed and recorded two Notices of Lis Pendens[2] on the property as well as fifteen motions and papers in state court, including a motion to vacate the 2019 judgment. The court denied Giehl's motion to vacate and granted Bank of America's motion to dissolve the two lis pendens.

Giehl then filed a third Notice of Lis Pendens against the property and moved for reconsideration and rehearing of the denial of his motion for relief from judgment. The court denied the motions, struck the lis pendens, and directed the clerk to close the court file. Giehl appealed to the Second District Court of Appeal, which once again issued a PCA. Giehl then appealed to the Florida Supreme Court, which dismissed.[3]

Giehl also removed the case to federal district court, asking for relief from the state courts' judgments. The District Court sua sponte remanded the case to state circuit court, stating that it

---

[1] A PCA is a three-word decision that "read[s] in its entirety 'Per Curiam Affirmed.'" *Stallworth v. Moore*, 827 So. 2d 974, 977 (Fla. 2002).

[2] A notice of lis pendens is "simply a notice of pending litigation." *Beefy King Int'l, Inc. v. Veigle*, 464 F.2d 1102, 1104 (5th Cir. 1972). It "notif[ies] prospective purchasers and encumbrancers that any interest acquired by them in the property in litigation is subject to the decree of the court." *Id.* Its effect is "constraining" as, "[f]or all practical purposes, it would be virtually impossible to sell or mortgage the property because the interest of a purchaser or mortgagee would be subject to the eventual outcome of the lawsuit." *Id.*

[3] The Florida Supreme Court lacks jurisdiction to review "unelaborated per curiam decisions" from a district court of appeal, including PCAs. *Jackson v. State*, 926 So. 2d 1262, 1265–66 (Fla. 2006).

lacked subject matter jurisdiction under the *Rooker-Feldman*[4] doctrine because a decision in the case "would either nullify the state courts' judgments or would succeed only to the extent that the state courts wrongly decided the issues." The state circuit court then issued an order expressly directing the clerk of court to "maintain the case as closed." It stated that a foreclosure judgment, a sale, and a certificate of title existed; that "all postjudgment matters ha[d] been resolved"; that "all lis pendens ha[d] been dissolved"; and that the mandates from the appeals had been received. Ultimately, there was "no pending matter," and the case was over.

Still, one month later, Giehl returned to federal district court to file the instant action against the defendants. He stated that federal question jurisdiction was the basis for the Court's jurisdiction over his case, listing "fraud, illegal foreclosure, [and] 4th Amendment violation" as the reasons for that basis. He claimed that the defendants illegally and knowingly initiated and continued real property foreclosure actions against his property, violating "numerous Federal Laws, Federal Rights, Florida Statutes, Florida Rules, Doctrine, and binding case law set by the U.S. Supreme Court, Florida Supreme Court, and Florida Appeals Courts." He sought criminal charges against the defendants in the state court case; reports to the Florida Bar about the lawyers who assisted the defendants in that case; and compensatory, punitive, and emotional damages. He expressly did not ask the District Court to void

---

[4] *Rooker v. Fid. Tr. Co.*, 263 U.S. 413, 44 S. Ct. 149 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303 (1983).

the actions of the state court. For that, he filed a new suit in state court. He also filed a fourth Notice of Lis Pendens on the property, listing the new state court suit as the relevant case.

The defendants, in federal court, jointly moved to dissolve the lis pendens, to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(1), and to dismiss the complaint under Rule 12(b)(6). They argued that the case should be dismissed under Rule 12(b)(1) because the *Rooker-Feldman* doctrine barred subject matter jurisdiction and that it should be dismissed under Rule 12(b)(6) because res judicata barred Giehl's claims. Giehl responded that the jurisdiction and claims were not barred. The District Court granted the defendants' motions; it issued a single order dissolving the lis pendens and dismissing the complaint with prejudice under Rules 12(b)(1) and 12(b)(6). It stated that it lacked subject matter jurisdiction under the *Rooker-Feldman* doctrine and that Giehl's claims were barred by res judicata.

Giehl timely appeals.[5]

## II.

We review de novo the district court's determination that it lacks subject matter jurisdiction. *Behr v. Campbell*, 8 F.4th 1206, 1209 (11th Cir. 2021). Federal courts are courts of limited jurisdiction, *Taylor v. Appleton*, 30 F.3d 1365, 1367 (11th Cir. 1994), and it is "well

---

[5] Giehl also filed multiple post-judgment motions, including a motion for reconsideration and request to stay the appeal. The District Court denied each motion, without prejudice, due to this pending appeal.

settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking," *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999) (emphasis removed). We "must satisfy [our]self not only of [our] own jurisdiction, but also of that of the lower courts in a cause under review." *Id.* For, where a federal court is without subject matter jurisdiction, it "cannot proceed at all in any cause." *Ex parte McCardle*, 74 U.S. 506, 514 (1868).

"[T]he pleader must affirmatively allege facts demonstrating the existence of jurisdiction and include a short and plain statement of the grounds upon which the court's jurisdiction depends." *Taylor*, 30 F.3d at 1367. If he fails to meet the burden of establishing federal subject matter jurisdiction over his claim, the case must be dismissed. *Williams v. Poarch Band of Creek Indians*, 839 F.3d 1312, 1314 (11th Cir. 2016).

Federal courts have original jurisdiction over all civil actions between diverse citizens where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332, and all civil actions arising under the United States Constitution or federal law, 28 U.S.C. § 1331. We determine whether a claim arises under federal law by reviewing "whether a federal question appears on the face of the plaintiff's well-pleaded complaint." *Resnick v. KrunchCash, LLC*, 34 F.4th 1028, 1034 (11th Cir. 2022). However, we may dismiss a federal question claim for lack of subject matter jurisdiction if: "(1) the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction;

or (2) such a claim is wholly insubstantial and frivolous." *Id.* A claim is "wholly insubstantial and frivolous" such that it strips a federal court of subject matter jurisdiction if "at least one of the[] elements [of the claim] lacks plausible foundation" or if the claim is "clearly foreclose[d]" by a prior Supreme Court decision. *Id.* at 1034–35 (internal quotation marks omitted).

Beyond that, the *Rooker-Feldman* doctrine bars federal district courts from "review[ing] or reject[ing] state court judgments rendered before the district court litigation began." *Behr v. Campbell*, 8 F.4th 1206, 1212 (11th Cir. 2021). It is "not prudential" but rather "follows naturally from the jurisdictional boundaries that Congress has set for the federal courts."[6] *Id.* at 1210. While much confusion stems from our historical description of *Rooker-Feldman* as barring claims made in state court and claims "inextricably intertwined" with the state court judgment, we have, for years, tried to clarify the doctrine's application. *Id.* at 1209. We do so again now.

*Rooker-Feldman* blocks only those claims that "amount to a direct attack on the underlying state court decision"; it does not block independent claims that simply deny a legal conclusion that the state court reached. *Id.* at 1212. In other words,

> considering whether a claim is "inextricably inter-
> twined" with a state court judgment is not a second

---

[6] "First, federal district courts are courts of original jurisdiction—they generally cannot hear appeals. And second, only the Supreme Court can reverse or modify state court judgments; neither district courts nor the circuits can touch them." *Behr*, 8 F.4th at 1210 (internal quotation marks and citations omitted).

prong of the analysis; it is merely a way of ensuring that courts do not exercise jurisdiction over the appeal of a state court judgment simply because the claimant does not call it an appeal of [that] judgment.

*Id.*

An inexplicably intertwined claim is not a second category of claims barred by *Rooker-Feldman*; it is simply a second way of determining if something is part of the single category of claims barred by the doctrine—direct appeals. *See id.* And claims for relief from violations that occurred during state court proceedings, that do not ask the federal court to reverse the state court judgment, do not fall in that category. *Id.* at 1213.

Here, Giehl sought criminal charges, Florida Bar discipline, and monetary damages for illegal actions that the defendants allegedly committed in state court. He did not seek reversal of the state court judgment. In other words, though the relief he sought would deny the legal conclusion reached by the state court—that the foreclosure was valid—it did not seek reversal of the state court's decision. As such, Giehl's claims are not barred by *Rooker-Feldman*.

However, Giehl's claims are still barred for lack of subject matter jurisdiction. Even construed liberally, *see Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008) ("[P]ro se pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed liberally." (emphasis omitted)), his complaint does not raise a federal question. Though Giehl references federal law by alleging that the defendants violated his Fourth Amendment rights;

alleging that they violated 18 U.S.C. §§ 241,[7] 1341,[8] 1349,[9] and 1957[10]; and asserting that "'TORT' – Conducting a Known Illegal Foreclosure Action" is a federal violation, none of his claims demonstrate that his federal rights were infringed.

While the Fourth Amendment is enforceable against the states through the Due Process Clause of the Fourteenth Amendment, *Colburn v. Odom*, 911 F.3d 1110, 1111 (11th Cir. 2018), the Fourteenth Amendment does not apply to private parties unless they are engaged in state action, *Nat'l Broad. Co. v. Commc'ns Workers of Am., AFL-CIO*, 860 F.2d 1022, 1024 (11th Cir. 1988). It "erects no shield against merely private conduct, however discriminatory or wrongful." *Id.* at 1025 (internal quotation marks omitted). Here, Giehl did not allege that the defendants in this case, which are all private parties, were engaged in state action. He instead maintained that their wrongful conduct was for their collective private benefit. Thus, his Fourth Amendment claim lacks a plausible foundation in federal law.

---

[7] 18 U.S.C. § 241 provides that it is a crime to "conspire to injure, oppress, threaten, or intimidate" people in the "free exercise or enjoyment of any right or privilege secured to him by the Constitution or laws of the United States.

[8] 18 U.S.C. § 1341 provides that it is a crime to commit fraud.

[9] 18 U.S.C. § 1349 provides that is a crime to attempt to commit or conspire to commit fraud.

[10] 18 U.S.C. § 1957 provides that it is a crime to "[e]ngag[e] in monetary transactions in property derived from specified unlawful activity."

Additionally, though Giehl states that the defendants' "TORT" was a federal violation, he does not cite any federal law or constitutional provision for it. And the federal criminal statutes that he alleges the defendants violated do not contain private rights of action. *See Donald Frederick Evans & Assocs., Inc. v. Cont'l Homes, Inc.*, 785 F.2d 897, 912–13 (11th Cir. 1986) (acknowledging that a private right of action cannot be inferred in a criminal statute where Congress did not indicate intent for one); *Shotz v. City of Plantation*, 344 F.3d 1161, 1167 n.7 (11th Cir. 2003) ("[L]anguage customarily found in criminal statutes and other laws enacted for the protection of the general public is usually not sufficient to confer a federal right." (internal quotation marks omitted) (alterations adopted)); 18 U.S.C. §§ 241, 1341, 1349, 1957. These claims, therefore, also lack plausible foundations in federal law.

The supposed federal claims in this case are "wholly insubstantial and frivolous," meaning that there is no federal question jurisdiction over them.[11] *Resnick*, 34 F.4th at 1034–35. Because the federal courts do not have subject matter jurisdiction over Giehl's claims, the case must be dismissed. *Ex parte McCardle*, 74 U.S. at 514 ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). However, it was error for

---

[11] Further, though Giehl did not attempt to invoke diversity jurisdiction, even if he had, he could not establish diversity of citizenship because he did not allege the citizenship of any defendant. *See* 28 U.S.C. § 1332; *Taylor*, 30 F.3d at 1367; *Williams*, 839 F.3d at 1314.

the District Court to dismiss the claims based on res judicata and to dismiss the claims with prejudice. For, "without jurisdiction[,] we are powerless to consider the merits," *Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975), and dismissals with prejudice and dismissals on res judicata grounds are both considered dismissals on the merits. *Crotwell v. Hockman-Lewis Ltd.*, 734 F.2d 767, 769 (11th Cir. 1984); *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1560 (11th Cir. 1990).

It was also error for the Court to grant the defendants' motion to dissolve the fourth lis pendens. Indeed, where a court's only power is to grant a motion to dismiss a case for lack of subject matter jurisdiction—or to sua sponte dismiss on that ground—it follows naturally that the court does not have the power to grant a different motion in that case.[12]

At bottom, though the Court correctly found that it did not have subject matter jurisdiction over Giehl's claims pursuant to Rule 12(b)(1), it incorrectly cited *Rooker-Feldman* as the reason. It also erred in dismissing the claims pursuant to Rule 12(b)(6), in dismissing the claims with prejudice, and in granting the defendants' motion to dissolve the fourth lis pendens.

---

[12] The defendants argue that Giehl waived any issue with the dissolution of the lis pendens because he did not argue it in his initial brief on appeal. However, because the issue here revolves around subject matter jurisdiction, we must review it. *See Am. Tobacco Co.*, 168 F.3d at 410.

### III.

We vacate the Court's entire order and remand with instructions to dismiss consistent with this opinion.

**VACATED AND REMANDED.**